BIANCHI v AUTOMOBILE CLUB OF MICHIGAN

Docket No. 86555. Argued January 9, 1991 (Calendar No. 8). Decided
    March 18, 1991.

  Richard Bianchi brought an action in the Wayne Circuit Court
      against the Automobile Club of Michigan, seeking a determina-
      tion whether the uninsured motorist coverage provided in a
      policy purchased by his wife for her automobile applied to
      injuries he suffered while operating his wife's motorcycle. The
      court, Marvin R. Stempien, J., granted summary disposition for
      the plaintiff, finding an exclusion in the policy ambiguous and
      unenforceable and concluding that whether a motorcycle was a
      motor vehicle for purposes of the exclusion was unclear and
      that the insurer's failure to expressly refer to motorcycles in
      the policy contributed to the ambiguity. The Court of Appeals,
      GILLIS, P.J., and D. E. HOLBROOK, JR., J., and S. N. ANDREWS,
      JJ., affirmed in an unpublished opinion per curiam (Docket No.
      93830).

  In a unanimous opinion by Justice BOYLE, the Supreme Court
  held:

  A motorcycle is a motor vehicle for purposes of the other-
  owned-vehicle exclusion of the policy. Summary disposition
  should have been granted for the defendant.

  1. Uninsured motorist coverage is not required in Michigan;
  thus, the provisions of the no-fault act are not at issue. Rather,
  the sole issue is one of contractual interpretation. An insurance
  contract is ambiguous when its provisions are capable of con-
  flicting interpretations or when its words reasonably may be
  understood in different ways. If a contract is inartfully worded
  or clumsily arranged, but fairly admits of one interpretation, it
  is not ambiguous or fatally unclear. Any ambiguity in an
  insurance policy drafted by an insurer is to be construed
  against the insurer and in favor of the insured. In this case,
  while the other-owned-vehicle exclusion in the policy is not a
  model of clarity, it does not fairly admit of more than one
  interpretation, even when construed against the insurer. A
  motorcycle plainly fits within the definition of a motor vehicle
  for purposes of the uninsured motorists section, and within the
  other-owned-vehicle exclusion.

  2. The uninsured motorist section of the policy broadly de-

fines motor vehicle to mean a land motor vehicle or trailer requiring vehicle registration, but expressly excludes five kinds of vehicles that might otherwise fit that description. Motorcycles are not among the stated exceptions. Plainly, a motorcycle fits within the broad definition because it is a motor vehicle in both the common-sense and the formal definition of the term: it is operated on land, and it is required to be registered. Given the broad scope of the definition of a motor vehicle for purposes of the uninsured motorist coverage, the failure of the definition explicitly to refer to motorcycles necessarily must reinforce the conclusion that a motorcycle is a motor vehicle for purposes of this section. Because a motorcycle fits within the broad definition of a motor vehicle for purposes of the uninsured motorist coverage and is not included in the express exceptions to the definition, it makes little sense to read the term "occupy" narrowly. Given the broad category of vehicles included within the scope of the motor vehicle definition, "occupy" is an adequate term to indicate use of a vehicle. Thus, the plaintiff was occupying a motor vehicle at the time the accident occurred, and the other-owned-vehicle exclusion applied.

Reversed.

*James D. Brittain, P.C.* (by *James D. Brittain*); (*Provizer, Lichtenstein, Pearlman & Phillips, P.C.,* by *Martin N. Fealk,* of counsel), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Richard D. Haskins*); (*John A. Lydick,* of counsel) for the defendant.

BOYLE, J. The question presented is whether the plaintiff's wife's automobile insurance policy, which excluded from its optional uninsured motorist coverage injuries sustained while occupying a motor vehicle other than that named in the policy, covered injuries suffered by the plaintiff while riding his wife's motorcycle. The trial court found the coverage exclusion ambiguous, because it was unclear whether a motorcycle was a motor vehicle for purposes of the exclusion, and therefore unenforceable. The Court of Appeals affirmed. We now reverse.

I

In August, 1985, the plaintiff was riding his wife's motorcycle when he collided with an uninsured automobile. The insurance policy on the motorcycle did not provide uninsured motorist coverage. The insurance policy on the plaintiff's wife's automobile did provide such coverage, however. The plaintiff applied for benefits under that policy, but the defendant denied the claim on the basis of the policy's "other owned vehicle" exclusion, which stated that injuries suffered while occupying a motor vehicle owned by the plaintiff's wife, other than the vehicle specifically named in the policy, were not covered by the policy.

The plaintiff brought a declaratory judgment action in Wayne Circuit Court on October 9, 1985, to determine his entitlement to benefits under his wife's automobile policy. Both parties moved for summary disposition. The defendant asserted that the exclusion precluded coverage. The plaintiff claimed that the exclusion did not apply because a motorcycle was not a motor vehicle for purposes of the exclusion.

The trial court granted the plaintiff's motion, finding the coverage exclusion ambiguous and therefore unenforceable. The court concluded that it was unclear whether a motorcycle was a motor vehicle for purposes of the exclusion. As evidence of such ambiguity, it cited the policy's use of the term "occupying" in connection with the term "motor vehicle," which it thought could indicate that the latter was intended to encompass only four-wheeled vehicles. The trial court also thought that the defendant's failure expressly to refer to motorcycles in the policy contributed to the exclusion's ambiguity.

The Court of Appeals affirmed the trial court's

decision in a brief unpublished opinion per curiam, *Bianchi v Auto Club of Michigan,* decided March 1, 1989 (Docket No. 93830). Our grant of leave to appeal was not limited. 435 Mich 861 (1990).

## II

Uninsured motorist coverage is not required in Michigan. *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980). Thus, the provisions of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, are not at issue in this case. The sole issue is one of contractual interpretation. Specifically, we must decide whether the uninsured motorist protection that the plaintiff's wife purchased for her jeep covered injuries the plaintiff suffered while operating his wife's motorcycle. We agree with the defendant that it did not.

The exclusionary language at issue is contained in part IV of the insurance agreement, entitled "Uninsured Motorists Insurance Coverage," and states:

> This coverage does not apply to *bodily injury* sustained by an *insured person:*
> while *occupying* a *motor vehicle* which is owned by you or a *relative* unless that *motor vehicle* is YOUR CAR. [Emphasis in original.]

A number of the terms found in the exclusion are specifically defined in the policy. The term "motor vehicle" is defined in the uninsured motorists section:

> *Motor Vehicle* means a land motor vehicle or *trailer,* requiring vehicle registration, but does not mean:
> a vehicle used as a residence or premises;

a vehicle, whether the accident occurs on or off the highway, which is

a snowmobile, or

operated on rails or crawler treads, or

a farm-type tractor, or

equipment designed for use principally off the highway. [Emphasis in original.]

The terms "your car" and "occupying" are defined at the beginning of the policy, under the heading "Definitions Used Throughout This Policy":

*Your car,* which is the vehicle described on the Declaration Certificate and identified by a specific Vehicle Reference Number, a *replacement,* a *temporary substitute* and a *trailer* owned by *you* . . . .

\* \* \*

*Occupying, Occupied* means in, getting into, or out of. [Emphasis in original.]

The lower courts' findings that it is unclear from the language of the exclusion and the supporting definitions whether a motorcycle is a motor vehicle for purposes of the exclusion are best stated in the Court of Appeals decision:

In this case, the definition of a motor vehicle as a land motor vehicle or trailer, excluding five different categories of vehicles, created an ambiguity whether or not the motorcycle was intended to be subject to the exclusion. The omission of an explicit reference to motorcycles and the absence of a delineation of physical characteristics of a motor vehicle could have reinforced the insured's impression that a motorcycle lacks the status of a motor vehicle. When this ambiguity is read in conjunction with the requirement that the insured be occupying the vehicle at the time of the accident, suggesting that the operator be enclosed

within the vehicle, the confusion to the reader of the policy becomes all the more apparent. [Slip op, p 3.]

In *Auto Club Ins Ass'n v DeLaGarza,* 433 Mich 208, 213; 444 NW2d 803 (1989), we stated that an insurance contract is ambiguous when its provisions are capable of conflicting interpretations. Citing our earlier opinion in *Raska v Farm Bureau Ins Co,* 412 Mich 355, 362; 314 NW2d 440 (1982), we elaborated:

> A contract is said to be ambiguous when its words may reasonably be understood in different ways.
> If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage.
> Yet if a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear.

In *Powers v DAIIE,* 427 Mich 602; 398 NW2d 411 (1986), we made clear that any ambiguity in an insurance policy drafted by an insurer is to be construed against the insurer and in favor of the insured. While we agree with the Court of Appeals that the other-owned-vehicle exclusion in the policy before us is not a model of clarity, we cannot conclude that it, or the policy as a whole, "fairly admits" of more than one interpretation, even when construed against the defendant. In our opinion, a motorcycle plainly fits within the definition of a motor vehicle for purposes of the un-

insured motorists section, and thus within the other-owned-vehicle exclusion.

III

The uninsured motorists section of the policy broadly defines "motor vehicle" to mean "a land motor vehicle or trailer, requiring vehicle registration," but expressly excludes from the definition five kinds of vehicles that might otherwise fit that description. Motorcycles are not among the stated exceptions. The question thus becomes whether a motorcycle fits within the broad definition. Plainly, it does. A motorcycle is a motor vehicle in both the common sense[1] and the dictionary sense[2] of the term, it is operated on land, and it is required to be registered. MCL 257.216; MSA 9.1916.

While the use of the term "motor vehicle" within the definition "motor vehicle" appears somewhat circular at first blush, under the circumstances it does not create an ambiguity. In context, its use indicates that for purposes of this section relating to uninsured motorists, the term is to be given its usual meaning. This contrasts, for example, with the separate definition of the term in the no-fault coverage section of the policy,[3] which limits its meaning to vehicles with more than two wheels and expressly exempts motorcycles and mopeds. That definition of motor vehicle conforms with that found in the no-fault act itself, which

[1] "The terms of an insurance policy should be construed in the plain, ordinary and popular sense of the language used, as understood by an ordinary person . . . ." 14 Callaghan, Michigan Civil Jurisprudence, Insurance, § 149, p 134. See also *Powers v DAIIE, supra.*

[2] See, e.g., *The Random House Dictionary of the English Language: Second Unabridged Edition,* p 1255, defining "motorcycle" as "a *motor vehicle* similar to a bicycle . . . ." (Emphasis added.)

[3] This coverage is found in part II of plaintiff's automobile insurance policy. The uninsured motorist coverage, again, is found in part IV of the policy.

excludes motorcycles. MCL 500.3101(2)(a); MSA 24.13101(2)(a). The broader definition of the term in the uninsured motorist section, on the other hand, is more akin to the use of the term in the Motor Vehicle Code, which includes motorcycles. MCL 257.33; MSA 9.1833.

Given the scope of the definition of a motor vehicle for purposes of the uninsured motorist coverage, we cannot agree with the lower courts that the failure of the definition explicitly to refer to motorcycles "could have reinforced the insured's impression that a motorcycle lacks the status of a motor vehicle." Slip op, p 3. In fact, just the opposite is true. The fact that the first part of the definition is so broad and is followed by the express exclusion of five different categories of vehicles, into which motorcycles clearly do not fit, must necessarily reinforce the reader's conclusion that a motorcycle *is* a motor vehicle for purposes of this section. In this case, the oft-cited (but often misused) legal maxim, "expressio unius est exclusio alterius"—express mention of one thing implies exclusion of other similar things—plainly applies.

The use of the term "occupying" in the exclusion is even less problematic. Once it is established that a motorcycle fits within the broad definition of a motor vehicle for purposes of the uninsured motorist coverage, and is not included in the express exceptions to that definition, it makes little sense to read the term "occupy" as narrowly as do the plaintiff and the lower courts. Given the broad category of vehicles included within the scope of the motor vehicle definition, "occupy" is certainly an adequate term to indicate the use of a vehicle.[4]

---

[4] Nor does the definition of "occupying" in the policy as meaning "in, getting into, or out of," require a different conclusion. In this context, "in" could easily be said to encompass "in the seat or saddle of" a motorcycle. See also *The Random House Dictionary,* n 2 *supra,*

We agree with the defendant that the plaintiff was occupying a motor vehicle at the time the accident occurred, and that the other-owned-vehicle exclusion in his wife's automobile policy therefore applies. Summary disposition should have been granted in the defendant's favor.

IV

Our conclusion that a motorcycle is a motor vehicle for purposes of the exclusion, and that the exclusion precludes coverage of the plaintiff's injuries, is a matter of contractual interpretation and is based on the language of the policy before us. The decisions of this Court on prior occasions, and the decisions of other courts in other cases, are therefore of limited value to our interpretation of that language. We note, however, that our decision today comports with that of other courts which have construed similar language in other policies.[5]

### CONCLUSION

We agree with the defendant that a motorcycle is a motor vehicle for purposes of the automobile policy's other-owned-vehicle exclusion, and that summary disposition should have been granted for the defendant. We reverse the decisions of the trial court and Court of Appeals, and remand the case to the trial court for further proceedings consistent with this opinion.

p 964, including within the definition of "in," "inclusion within space, a place, or limits," and "in possession or occupancy."

[5] *Auto-Owners Ins Co v Ellegood,* 149 Mich App 673, 677; 386 NW2d 640 (1986); *Ziegler v Goodrich,* 163 Mich App 656, 659; 415 NW2d 4 (1987); *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511, 515; 282 NW2d 374 (1979).

For cases from other jurisdictions finding motorcycles to be within an exclusion for injuries suffered while "occupying" a "land motor vehicle," see 46 ALR4th 771.

Cavanagh, C.J., and Levin, Brickley, Riley, Griffin, and Mallett, JJ., concurred with Boyle, J.