AUTO-OWNERS INSURANCE COMPANY v BOISSONNEAULT

Docket No. 88521. Argued October 9, 1991 (Calendar No. 8). Decided
     January 17, 1992.

     Linda Boissonneault, as personal representative of the estate of
        Christopher Boissonneault, deceased, claimed entitlement to
        both uninsured and underinsured policy limits totaling
        $100,000 from Auto-Owners Insurance Company, on the ground
        that the decedent was killed as a result of the combined negli-
        gence of an uninsured driver and an underinsured driver. Auto-
        Owners then brought an action in the Saginaw Circuit Court,
        seeking a declaration that its underinsured motorist coverage
        was an extension of the uninsured motorist coverage and thus
        that its liability to the decedent's estate was limited to $50,000.
        The court, Fred J. Borchard, J., granted summary disposition
        for the insurer. The Court of Appeals, REILLY, P.J., and CYNAR
        and T. M. BURNS, JJ., reversed, holding that although the
        policy language provided that underinsured coverage was an
        extension of uninsured coverage, the term "extension" was not
        defined and that there was nothing to indicate that the use of
        the term precluded simultaneous maximum coverage under
        both provisions (Docket No. 113883). Auto-Owners seeks leave
        to appeal.

     In an opinion per curiam, signed by Chief Justice CAVANAGH,
        and Justices LEVIN, BRICKLEY, BOYLE, GRIFFIN, and MALLETT,
        the Supreme Court held:

     The total liability under the policy is limited to $50,000/
        $100,000 without regard to whether the injury or death is
        caused by one or more uninsured drivers, one or more under-
        insured drivers, or both uninsured and underinsured drivers.

     A reasonable policyholder would not expect that the policy
        would provide for recovery of an additional $50,000 by reason
        of the happenstance that the accident involved both an un-
        insured vehicle and an underinsured vehicle, rather than two
        uninsured or two underinsured vehicles.

        Justice RILEY concurred only in the result.

        Reversed and remanded.

        182 Mich App 375; 451 NW2d 635 (1990) reversed.

*O'Neill, Wallace & Doyle* (by *Terence J. O'Neill* and *James D. Henke*) for the plaintiff.

*Mossner, Majoros & Alexander, P.C.* (by *William S. Pearson*), for the defendant.

PER CURIAM. The question presented is whether an automobile insurance policy, providing both uninsured motorist coverage and underinsured motorist coverage, with a $50,000/$100,000 policy limit for each coverage, limits the liability of the insurer to a total of $50,000/$100,000, as the insurer contends, or instead provides, as the insured contends, separate $50,000/$100,000 limits where the injury or death is occasioned by the combined negligence of an uninsured driver and an underinsured driver.

We agree with the insurer that the total liability under the policy is limited to $50,000/$100,000, without regard to whether the injury or death is caused by one or more uninsured drivers, one or more underinsured drivers, or both uninsured and underinsured drivers.

The decision of the Court of Appeals is reversed, and the decision of the circuit court granting summary disposition for the insurer is reinstated.

I

Christopher Boissonneault was killed in a multi-vehicle accident. The driver of the automobile in which Boissonneault was riding while drag racing with another automobile ran a stop sign and collided with a third vehicle. The automobile in which Boissonneault was riding was under-

insured.[1] The other automobile involved in the race was uninsured.

Boissonneault was covered by an automobile insurance policy written by the plaintiff, Auto-Owners Insurance Company. The policy provided uninsured motorist coverage.[2] An endorsement "extended" the coverage to accidents with under-insured motorists.[3] The declarations page stated

[1] The automobile insurance policy covering the automobile in which Boissonneault was a passenger provided bodily injury liability limits of $20,000 per person and $40,000 per occurrence.

Three persons were killed in the accident.

[2] This coverage was described in the policy's insuring agreements, part I ("coverages"), subpart D ("uninsured motorist"), and provided that Auto-Owners agreed

[t]o pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, arising out of the ownership, maintenance or use of such uninsured motor vehicle; provided [that], for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the Company or, if they fail to agree, by arbitration.

[3] This endorsement was headed "underinsured motorist coverage," and provided:

In consideration of the premium at which this policy is written, it is hereby agreed that Uninsured Motorist Coverage is extended to bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured and arising out of the ownership, maintenance or use of an automobile with respect to which a bodily injury liability bond or insur-ance policy is applicable at the time of the accident but which provides lower limits of liability than those specified in the Declarations hereof; provided that with respect to this exten-sion, the Company's liability shall be limited to (1) the amount by which the limits stated in the Declarations hereof exceed the total limits of all bodily injury bonds or insurance policies applicable to the person or persons responsible for the damages, and (2) such damages are in excess of the total limits of all such bodily injury bonds or insurance policies.

All terms and conditions applicable to Uninsured Motorist Coverage are applicable to this extension.

identical liability limits of $50,000 per person, and $100,000 per occurrence, for each coverage. The declarations page also stated a premium of $6 for the uninsured motorist coverage and a separate premium of $3 for the underinsured motorist coverage.

Linda D. Boissonneault, as personal representative of the decedent, claimed the right to recover $50,000 under the uninsured motorist coverage, and an additional $50,000 under the underinsured motorist coverage.

Auto-Owners commenced this action, seeking a declaration that the underinsured motorist coverage was an extension of the uninsured motorist coverage and that Auto-Owners' liability to the decedent's estate was limited to $50,000. The circuit court granted Auto-Owners' motion for summary disposition.

The Court of Appeals reversed, stating:

> Although the [policy] language clearly provides that underinsured coverage is an "extension" of uninsured coverage, the term "extension" is not defined. Further, there is nothing in the policy, or in the record, to indicate that the use of the term precludes simultaneous maximum coverage under both provisions.[4]

II

Boissonneault stresses that the declaration page provides separate premiums, $6 for uninsured motorist coverage and $3 for underinsured motorist coverage, and reasons that the policy therefore provides separate $50,000 liability limits. We agree that the uninsured and underinsured coverages are separate—uninsured motorist coverage, at

4 182 Mich App 375, 380-381; 451 NW2d 635 (1990).

least, can be purchased without the purchase of underinsured motorist coverage. It is a separate question whether a separate or additional policy limit of $50,000 is provided, or, rather, whether the total limit of the insurer's liability is $50,000.

If both vehicles involved in the accident were, as was the vehicle in which Boissonneault was riding, underinsured, the total limit of liability would indisputably be $50,000. Similarly, if the vehicle in which Boissonneault was riding was uninsured, as was the other vehicle involved in the accident, the total limit of liability would, again, indisputably be $50,000. We are of the opinion that a reasonable policyholder would not expect that the policy would provide for recovery of an additional $50,000 by reason of the happenstance that the accident involved both an uninsured vehicle and an underinsured vehicle, rather than two uninsured or two underinsured vehicles.

Reversed and remanded to the circuit court.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, GRIFFIN, and MALLETT, JJ., concurred.

RILEY, J., concurred only in the result.