NANKERVIS v AUTO-OWNERS INSURANCE COMPANY

Docket No. 138245. Submitted January 5, 1993, at Grand Rapids. Decided February 16, 1993, at 9:40 A.M. Leave to appeal sought.

Dorothy Nankervis brought an action in the Saginaw Circuit Court against her insurer, Auto-Owners Insurance Company, seeking a declaration regarding interpretation of her no-fault insurance policy. The plaintiff was injured when a vehicle driven by her husband, in which she was a passenger, was struck by another vehicle. The plaintiff collected $20,000 from the insurer of the other motorist and sought to collect the $25,000 policy limit on her underinsured motorist coverage with the defendant. The defendant claimed that its policy entitled it to set off the amount paid by the other motorist's insurer. The court, Lynda L. Heathscott, J., agreed and granted summary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

The underinsured motorist coverage extension of the policy clearly states that the defendant's liability is limited to the difference between the plaintiff's coverage and the other motorist's coverage. The policy clearly provides that the terms and conditions applicable to uninsured motorist coverage provided therein are applicable to the underinsured motorist coverage extension. The uninsured motorist coverage provides that any loss payable for uninsured motorist coverage must be reduced by all sums paid by or on behalf of the driver of the uninsured vehicle. Therefore, any loss payable for underinsured motorist coverage similarly must be reduced. The language of the policy is not misleading, ambiguous, or unconscionable.

Affirmed.

*Slusky & Walt, P.C.* (by *John Walt*), for the plaintiff.

*O'Neill, Wallace & Doyle, P.C.* (by *Richard L. Alger, Jr.*), for the defendant.

Before: SAWYER, P.J., and HOOD and JANSEN, JJ.

PER CURIAM. This is an action for declaratory and injunctive relief involving a no-fault insurance policy. Plaintiff appeals from the trial court's grant of summary disposition to defendant under MCR 2.116(C)(10). We affirm.

Plaintiff is defendant's insured. She was injured when the car in which she was riding was struck by a vehicle whose driver apparently ignored a stop sign. Her husband was driving the vehicle in which she was riding.

Plaintiff collected $20,000 from the insurer of the other motorist. She then attempted to collect the $25,000 policy limit on her underinsured motorist coverage with defendant. Defendant refused to pay more than $5,000, claiming that it was entitled to set off the amount paid by the other motorist's insurer.

Plaintiff argues that defendant's policy is ambiguous and should be construed against defendant. We disagree and further note that the only case relied upon by plaintiff has been reversed. See *Auto-Owners Ins Co v Boissonneault,* 182 Mich App 375; 451 NW2d 635 (1990), rev'd 439 Mich 126 (1992).[1] No supplemental briefs were filed.

The underinsured motorist coverage extension of plaintiff's policy provides that, in exchange for an additional premium, defendant will provide bodily injury coverage in situations where "a bodily injury liability bond or insurance policy is applicable at the time of the accident but which provides lower limits of liability than those specified in the Declarations hereof." The policy further states that "the Company's liability [for such coverage] shall be limited to (1) the amount by which the

---

[1] Furthermore, *Boissonneault* dealt with whether there were separate policy limits for uninsured and underinsured motorist coverages where the accident involved both kinds of vehicles. The case did not address the set-off issue presented here.

limits stated in the Declarations hereof exceed the total limits of all bodily injury bonds or insurance policies applicable to the person or persons responsible for the damages, and (2) such damages are in excess of the total limits of all such bodily injury bonds or insurance policies."

Plaintiff argues that the language quoted above can be interpreted as requiring defendant to pay, up to the policy limits, the difference between her actual damages and the amount paid by the other driver's liability insurer. We cannot agree. The first clause clearly states that defendant's liability is limited to the difference between plaintiff's coverage and the other motorist's coverage.

Plaintiff's reading of the rider further ignores its last sentence: "All terms and conditions applicable to Uninsured Motorist Coverage are applicable to this extension." Uninsured motorist coverage is referred to in the body of the policy as Coverage D. Thus, all terms and conditions that apply to Coverage D also apply to the disputed underinsured motorist coverage.

In the "Conditions" section of the policy, under the heading "Limits of Liability," is the following provision:

> Any loss payable under the terms of Coverage D to or for any person shall be reduced by
>
> \* \* \*
>
> (d) all sums paid to him by or on behalf of the owner or operator of the uninsured motor vehicle and any other person or organization jointly or severally liable together with such owner or operator.

Thus, because this clause also applies to underinsured coverage, any loss payable for underinsured coverage shall be similarly reduced by all sums

paid by or on behalf of the driver of the underinsured vehicle. This confirms our reading of the first clause of the underinsured motorist coverage extension.

It is well settled that "[a]ny clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355, 361-362; 314 NW2d 440 (1982); see also *Farm Bureau Mutual Ins Co of Michigan v Stark,* 437 Mich 175, 181; 468 NW2d 498 (1991). A contract is ambiguous "when its words may reasonably be understood in different ways." *Raska,* at 362; see also *Stark,* at 181; *Bianchi v Automobile Club of Michigan,* 437 Mich 65, 70; 467 NW2d 17 (1991). Thus, "[i]f a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances[, then] the contract is ambiguous and should be construed against its drafter and in favor of coverage." *Raska,* at 362; see also *Stark,* at 181-182; *Bianchi,* at 70. "Yet, if a contract, *however inartfully worded or clumsily arranged,* fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear." *Raska,* at 362 (emphasis added); see also *Stark,* at 182; *Bianchi,* at 70.

We agree with plaintiff that the set-off provisions in question are, at best, inartfully worded and clumsily arranged. However, their language admits of only one interpretation. Defendant's maximum liability for underinsured coverage is limited to the difference between its insured's coverage and the other motorist's coverage, provided that its insured's damages exceed the amount of the other motorist's coverage. That is,

any benefits due shall be reduced by all amounts paid by the other driver's insurer.

Although we are sympathetic to plaintiff's plight, "to allow [her] to bind another to an obligation not covered by the contract as written [merely] because [she] thought the other was bound to such an obligation is neither reasonable nor just." *Raska,* at 363. We are not persuaded that the provisions at issue here are ambiguous, misleading, or unconscionable. See *Auto-Owners Ins Co v Lydon,* 149 Mich App 643, 652; 386 NW2d 628 (1986).

Affirmed.