WERT v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 212066. Submitted November 10, 1999, at Grand Rapids. Decided May 26, 2000, at 9:15 A.M. Leave to appeal sought.

David E. Wert, Jr., brought an action in the Kent Circuit Court against Citizens Insurance Company of America, seeking uninsured motorist benefits under an insurance policy Citizens had issued to him. Wert had been injured in an accident while operating his motorcycle, when an uninsured automobile failed to yield the right of way. Wert received the policy limits of uninsured motorist benefits from the insurer of his motorcycle, Midwest Mutual Insurance Company, and sought additional uninsured motorist coverage from Citizens, the insurer of an automobile Wert also owned. Citizens denied coverage, claiming that an "other owned vehicle" exclusion in the uninsured motorist section of its policy applied. The exclusion provided that uninsured motorist coverage was not provided for injury sustained by the insured while occupying, or when struck by, any motor vehicle owned by the insured that was not insured for this coverage under the policy. Wert then brought this action. The court, H. David Soet, J., determined that Wert was entitled to the benefits and entered a judgment in favor of Wert. Citizens appealed.

The Court of Appeals *held*:

Under the definition in the policy, a motorcycle is not an "uninsured motor vehicle." The policy does not define the term "motor vehicle" separately. Under the circumstances of this case, the policy is less than clear. Both the defendant's and the plaintiff's interpretations of the policy are fair. Therefore, the policy is ambiguous and must be construed against the insurer. Exclusionary clauses are to be strictly construed against the insurer. The court correctly entered judgment in favor of Wert.

Affirmed.

ZAHRA, P.J., dissenting, stated that the policy is not ambiguous and that a motorcycle is included within the meaning of the term "motor vehicle" as that term is used throughout the policy. The express exclusion of motorcycles from the definition of "uninsured motor vehicle" is not dispositive or relevant to the meaning of the term "motor vehicle," which should be given its commonly used

meaning because it is not defined in the policy. A motorcycle is commonly defined as a "motor vehicle." The judgment of the court should be reversed.

*Visser & Bolhouse, P.C.* (by *Stephen J. De Haan*), for the plaintiff.

*Bremer & Nelson LLP* (by *Phillip J. Nelson* and *Ann M. Byrne*), for the defendant.

Before: ZAHRA, P.J., and KELLY and MCDONALD, JJ.

MCDONALD, J. Defendant Citizens Insurance Company of America appeals as of right from an order granting judgment in favor of plaintiff David E. Wert, Jr., in the amount of $65,000. We affirm.

The basic facts of this case are not in dispute. While operating his motorcycle, plaintiff was involved in an accident with an uninsured automobile driven by Richard Roach. The Barry County Sheriff's Department issued Roach a ticket for failure to yield the right of way. Plaintiff was not issued a ticket and was not in any way at fault in the accident. As a result of the accident, plaintiff sustained serious injuries to his right arm.

At the time of the accident, plaintiff's motorcycle was insured under a policy issued by Midwest Mutual Insurance Company. This policy included $20,000 of uninsured motorist coverage. Plaintiff made a claim for and recovered $20,000 in uninsured motorist benefits from Midwest Mutual Insurance Company.

At the time of the accident, plaintiff also owned a Jeep Cherokee. Plaintiff insured the Jeep with defendant under an insurance policy that included $100,000 of uninsured motorist coverage. Plaintiff also presented a claim against defendant under the uninsured motorist provisions contained in defendant's

policy. However, defendant denied coverage, claiming that an "other owned vehicle" exclusion in the uninsured motorist section of the policy applied. Defendant refused to submit to arbitration as required under the policy provisions pertaining to uninsured motorist claims.

Plaintiff filed this lawsuit against defendant, seeking a determination that his uninsured motorist coverage applied to the injuries he received in the accident. Plaintiff later filed a motion to compel arbitration. Defendant responded by filing a motion for summary disposition. The trial court heard the motion and held that plaintiff was entitled to uninsured motorist coverage under the insurance policy issued by defendant. Pursuant to the court's order, the case was arbitrated before an arbitration panel. The panel determined that plaintiff was entitled to recover damages in the amount of $85,000. The trial court later held that defendant was entitled to an offset of $20,000 because of plaintiff's recovery under another insurance policy and entered judgment against defendant in the amount of $65,000. Defendant now appeals.

Defendant argues that plaintiff's claim for uninsured motorist benefits is barred by the "other owned vehicle" exclusion contained in the policy. The interpretation of contractual language is an issue of law that we review de novo on appeal. *Morley v Automobile Club of Michigan*, 458 Mich 459, 465; 581 NW2d 237 (1998).

In the instant case the insuring agreement contained in the policy provides broad-based uninsured motorist coverage to plaintiff. The insuring agreement specifically states as follows:

> We will pay compensatory damages which an "insured" or the "insured's" legal representative is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
>
> 1. Sustained by an "insured"; and
> 2. Caused by an accident.
>
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle." Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

The policy defines the term "uninsured motor vehicle" in part by stating:

> However, "uninsured motor vehicle" does not include any vehicle, trailer or equipment:
>
> *     *     *
>
> 7. Which is a motorcycle.

The policy also contains an "other owned vehicle" exclusion, which provides in pertinent part:

> A. We do not provide Uninsured Motorist Coverage for "bodily injury" sustained by any insured:
>
> 1. While "occupying," or when struck by, any motor vehicle owned by you or any "family member" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

The sole issue in this case is whether the term "motor vehicle" in the "other owned vehicle" exclusion includes motorcycles. Defendant argues that the classic definitions of motorcycle and dispositive Michigan case law compel the conclusion that plaintiff's motorcycle was a motor vehicle for purposes of this exclusion. We disagree.

"An insurance policy is much the same as any other contract. It is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties." *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992); *Moore v First Security Casualty Co*, 224 Mich App 370, 375; 568 NW2d 841 (1997). The terms of an insurance policy are given their commonly used meanings, in context, unless clearly defined in the policy. *Henderson v State Farm Fire & Casualty Co*, 460 Mich 348, 354; 596 NW2d 190 (1999).

An insurance contract is ambiguous if, after reading the entire contract, its language can be reasonably understood in differing ways. *Bianchi v Automobile Club of Michigan*, 437 Mich 65, 70; 467 NW2d 17 (1991); *Royce v Citizens Ins Co*, 219 Mich App 537, 542; 557 NW2d 144 (1996). Ambiguities are to be construed against the insurer, who is the drafter of the contract. *State Farm Mut Automobile Ins Co v Enterprise Leasing Co*, 452 Mich 25, 38; 549 NW2d 345 (1996).    Further, exclusionary clauses are to be strictly construed in favor of the insured. *Churchman, supra* at 567.

Defendant cites dictionary and statutory definitions of "motorcycle" in an attempt to support its position that a motorcycle is a "motor vehicle" for purposes of the exclusion at issue in this case. However, in the policy defendant chose to define "uninsured motor vehicle" for a purpose that limits liability and is contrary to common usage; but failed to redefine the term "motor vehicle" in its exclusionary section. If an insurance contract sets forth definitions, the policy language must be interpreted according to those definitions. *Century Surety Co v Charron*, 230 Mich App

79, 82; 583 NW2d 486 (1998). Under the definition in the policy, a motorcycle is clearly not an "uninsured motor vehicle." Despite this fact, defendant argues that "motor vehicle," although not defined separately in the policy, includes motorcycles.

In support of its contention, defendant cites *Bianchi, supra.* In *Bianchi,* the plaintiff was injured when he collided with an uninsured automobile while riding his wife's motorcycle. The insurance policy covering the wife's motorcycle did not provide uninsured motorist coverage. The insurance policy covering the plaintiff's wife's automobile, however, did provide such coverage, and the plaintiff applied for benefits under that policy. The "defendant denied the claim on the basis of the policy's 'other owned vehicle' exclusion, which stated that injuries suffered while occupying a motor vehicle owned by the plaintiff's wife, other than the vehicle specifically named in the policy, were not covered by the policy." *Bianchi, supra* at 67.

The Supreme Court initially noted that because uninsured motorist coverage was not mandatory in Michigan, the terms of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, were not at issue in the case. *Bianchi, supra* at 68. The Court went on to hold that in the specific instance of the *Bianchi* case, a motorcycle was a motor vehicle and thus the "other owned vehicle" exclusion in the plaintiff's wife's automobile policy applied. *Id.* at 73. However, the Court explained that its decision was a matter of contractual interpretation that was "based on the language of the policy" involved in the case. *Id.* at 73. The language of the policy involved in *Bianchi* is distinguishable from the language of the policy involved in this

case. Most importantly, while in *Bianchi* the policy's definition of the relevant term, "motor vehicle," excluded types of vehicles that might otherwise fit the broad definition of the term, motorcycles were *not* among the stated exceptions. *Id.* at 71. As we have explained above, the policy's definition of the term "uninsured motor vehicle" in this case does exclude motorcycles. Accordingly, we agree with plaintiff that *Bianchi* does not support defendant's position in this case.

Under the circumstances of this case, defendant's policy is less than clear. The question remains whether the policy is legally ambiguous so that it should be interpreted in favor of plaintiff. In *Raska v Farm Bureau Mut Ins Co of Michigan*, 412 Mich 355, 362; 314 NW2d 440 (1982), the Supreme Court held:

> A contract is said to be ambiguous when its words may reasonably be understood in different ways.
>
> If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage.
>
> Yet if a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear.

We find that both defendant's and plaintiff's interpretations of this policy are fair, and thus, under the circumstances of this case, the policy is ambiguous. Given that ambiguities are to be construed against the insurer, *State Farm Mut, supra* at 38, and exclusionary clauses are to be strictly construed against the insurer, *Churchman, supra* at 567, we hold that the

trial court correctly entered judgment in favor of plaintiff.

Affirmed.

KELLY, J., concurred.

ZAHRA, P.J. (*dissenting*). I respectfully dissent from the majority's conclusion that the policy's "other owned vehicle" exclusion does not bar recovery of uninsured motorist coverage under the circumstances of the present case. I conclude that the policy is unambiguous and that a motorcycle is included within the meaning of the term "motor vehicle" as that term is used throughout the policy. The majority has read ambiguity into the policy by improperly relying on the policy's definition of "uninsured motor vehicle" to define the term "motor vehicle." In doing so, the majority has overstepped its duty to interpret the policy under its ordinary and plain meaning. *Bianchi v Automobile Club of Michigan*, 437 Mich 65, 71, n 1; 467 NW2d 17 (1991); *Royce v Citizens Ins Co*, 219 Mich App 537, 542; 557 NW2d 144 (1996). The express exclusion of motorcycles from the definition of "uninsured motor vehicle" is not dispositive or relevant to the meaning of the term "motor vehicle." Nothing within the definition of the term "uninsured motor vehicle" supports the conclusion that it was also intended to define the meaning of "motor vehicle" as that term is used throughout the policy. I would, therefore, reverse the trial court's judgment entered in favor of plaintiff and grant summary disposition for defendant.

The "other owned vehicle" exclusion directly at issue in this case states:

> A. We do not provide Uninsured Motorist Coverage for
> "bodily injury" sustained by any insured:
>    1. While "occupying," or when struck by, any motor vehi-
> cle owned by you or any "family member" which is not
> insured for this coverage under this policy. This includes a
> trailer of any type used with that vehicle.

This policy language unambiguously excludes cover-
age in the present case. At the time of the collision
with the uninsured motorist, plaintiff was driving a
motorcycle that he owned that was not insured under
the policy issued by defendant. The dispositive issue
in this case is whether a motorcycle is a "motor vehi-
cle." The term "motor vehicle" is not defined in the
policy. In the absence of a specific policy definition,
the terms of an insurance policy are given their com-
monly used meanings, in context. *Henderson v State
Farm Fire & Casualty Co*, 460 Mich 348, 354; 596
NW2d 190 (1999); *Farm Bureau Mut Ins Co v Nikkel*,
460 Mich 558, 568; 596 NW2d 915 (1999). Our
Supreme Court has stated, "[a] motorcycle is a motor
vehicle in both the common sense and the dictionary
sense of the term, it is operated on land, and it is
required to be registered." *Bianchi*, *supra* at 71, cit-
ing MCL 257.216; MSA 9.1916.[1] "Motorcycle" is com-
monly defined as, "*a motor vehicle* resembling a bicy-
cle but larger and heavier . . . ." *Random House Web-
ster's College Dictionary* (1997) (emphasis added).
The conclusion that a motorcycle is a "motor vehicle"
under the policy is further supported by the policy's

---

[1] I recognize *Bianchi's* holding, that the other owned vehicle exclusion
within the automobile insurance policy at issue applied to preclude the
plaintiff's recovery of uninsured motorist benefits, was limited to the spe-
cific policy language at issue in that case, *Bianchi*, *supra* at 73, and I do
not rely on *Bianchi* as wholly dispositive of the present issue on appeal.

general definition of the term "occupying." That term is defined as, "in, upon, or while getting into or getting out of." The fact that the policy envisioned that an individual may be "occupying" a motor vehicle by sitting "upon" it strongly suggests that a motorcycle is to be construed as a "motor vehicle."

The majority contends that the exclusion of motorcycles from the definition of "uninsured motor vehicle," without indication regarding whether a motorcycle is to be considered a "motor vehicle," causes ambiguity that must be strictly construed against defendant. However, the limits placed on the meaning of "uninsured motor vehicle" within the policy do not have any bearing on the determination of the meaning of "motor vehicle" as that term is used in the policy. No Michigan case interpreting insurance contracts has held that it is permissible or appropriate to parse the words of a specifically defined phrase and use the policy definition of the phrase to provide meaning to the parsed words.[2] A court "may not read ambiguity into a policy where none exists." *Farm Bureau, supra* at 568, citing *Michigan Millers Mut Ins Co v Bronson Plating Co*, 445 Mich 558, 567; 519 NW2d 864 (1994). In my opinion, even strictly construing the "other owned vehicle" exclusionary language against defendant, *Fire Ins Exchange v Diehl*, 450 Mich 678, 687; 545 NW2d 602 (1996), the policy fairly admits of only one interpretation, under which

---

[2] Plaintiff concedes that the policy's exclusion of motorcycles from its definition of "uninsured motor vehicle" was intended to limit the coverage provided by the broad-based uninsured motorist coverage, depending on the type of uninsured motor vehicle involved in the collision. Clearly, had the uninsured motorist been operating a motorcycle, plaintiff would have been precluded recovery of uninsured motorist benefits.

plaintiff is barred from recovering uninsured motorist benefits, see *Bianchi, supra* at 70.

For these reasons, I would reverse the judgment of the trial court.