# Order

Michigan Supreme Court
Lansing, Michigan

September 14, 2006

130463

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,
      Plaintiff/Counter Defendant,

v

RICHARD L. LATTING, JR.,
      Defendant/Counter Plaintiff/Cross
      Plaintiff/Third-Party Plaintiff-
      Appellant,

and

DAVID CLAY,
      Defendant/Cross-Defendant-
      Appellee,

and

SECURA INSURANCE COMPANIES,
      Third-Party Defendant-Appellee,

and

DAVID PENNELL and SHELLY PENNELL,
d/b/a HICKORY VIEW BOARDING STABLE,
d/b/a HBE EQUESTRIAN CENTER, INC. and
RELIANCE NATIONAL INDEMNITY,
      Third-Party Defendants.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130463
COA: 255964
Genesee CC: 02-073419-CK

On order of the Court, the application for leave to appeal the December 22, 2005 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Genesee Circuit Court for further proceedings consistent with the trial court's ruling of May 10, 2004. The Secura policy affords coverage because plaintiff Latting and defendant Clay were engaged in "farming" when the accident in

which plaintiff was injured occurred. Third-party defendant HBE Equestrian Center is listed in the Secura policy's declarations as a joint owner and operator, along with third-party defendants David and Shelly Pennell, who are listed as insureds and who, as insureds, are listed as operator in the policy. When preparing to attach a wagon to a tractor for the purpose of gathering baled hay from nearby fields leased to third-party defendant Pennells, plaintiff Latting and defendant Clay were engaged in use of the insured premises for the production of crops and the raising or care of "livestock" within the meaning of the Secura policy's definition of "farming." The policy's definition of "insured premises" includes the part of other premises acquired during the policy period that the insured intends to use as a farm. Under the policy, "business" does not mean "farming." Moreover, the hay was to be gathered for use as feed for horses stabled on the insured premises, which included both the Pennells' own horses and those of defendant Clay (for which Clay paid the Pennells no boarding fees), as well as those belonging to fee-paying boarders. Thus, even if boarding horses is a "business" under the policy's definition, that is, "any full or part-time trade, profession, occupation or service done for monetary or other compensation [not including] farming," it is clear that, as to the horses belonging to defendant Clay and third-party defendants Pennell, plaintiff Latting and defendant Clay were engaged in "farming" when the accident that injured plaintiff occurred. Therefore, the policy's exclusion of coverage for bodily injury arising out of business pursuits of an insured does not apply, nor does the policy's motor vehicle exclusion apply, because it is expressly inapplicable to farm tractors under the plain and ordinary meaning of the policy. *Bianchi v Automobile Club of Michigan*, 437 Mich 65, 71 n1 (1991).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 14, 2006

Clerk

p0907