*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN S. REFFITT,

      Plaintiff-Appellant,

v

AMY SWOGGER and RYDER & SWOGGER PC,

      Defendants-Appellees.

UNPUBLISHED
November 19, 2019

No. 343815
Grand Traverse Circuit Court
LC No. 2017-032231-NM

Before: O'BRIEN, P.J., and GADOLA and REDFORD, JJ.

PER CURIAM.

In this legal malpractice action, plaintiff Kevin S. Reffitt appeals by delayed leave granted an order granting defendants Amy Swogger and Ryder & Swogger, PC's summary disposition under MCR 2.116(C)(7) (statute of limitations) and striking his breach of fiduciary duty claim as duplicative of his legal malpractice claim. We reverse and remand for additional proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff's claim arises from a divorce action between plaintiff and Dawn Bachi-Reffitt, commenced in February 2012 in which defendants represented him beginning on June 8, 2012. During the pendency of the divorce, plaintiff's brother died on March 14, 2013. Plaintiff, the beneficiary of a $1.5 million term life insurance policy on his brother's life issued by Pruco Insurance, met with defendant Swogger on April 17, 2013, and she advised him that the insurance proceeds were not marital property and did not need to be disclosed to Bachi-Reffitt. Swogger prepared a consent judgment of divorce, which the court entered on April 19, 2013. Swogger, on her own initiative, included in ¶ 25 of the consent judgment a clause that provided for the forfeiture to the non-offending party any property concealed by a party during the divorce.

On May 16, 2013, plaintiff and his father met with Swogger who advised plaintiff's father that the life insurance proceeds were not a marital asset and that plaintiff would have no financial obligation to Bachi-Reffitt when he received the funds. On May 21, 2013, Swogger

-1-

prepared two letters. The first, to Ralph Munch of the Huntington Bank Trust Department, advised that the insurance proceeds were separate property and not subject to the divorce. The second to plaintiff, advised him of the letter to Munch and its contents. On July 18, 2013, after disclaiming one-third of the proceeds to his brother's children, Pruco Insurance sent plaintiff a check for $1,005,289.99. Relying on Swogger's advice, plaintiff did not disclose receipt of the insurance proceeds to Bachi-Reffitt.

On January 8, 2015, Bachi-Reffitt moved to enforce the consent judgment alleging that plaintiff violated ¶ 25 by failing to disclose the insurance policy. That prompted plaintiff to file a complaint against defendants on April 17, 2015, alleging that Swogger committed legal malpractice "by preparing a judgment of divorce for entry which provided that any assets concealed in the divorce proceeding were forfeited to the opposing party," and alleging a vicarious liability claim against Ryder & Swogger (the 2015 Complaint).

On June 9, 2015, in acknowledgment of the divorce litigation that could "directly impact the parties," plaintiff and defendants entered into a tolling agreement that provided for plaintiff's voluntary dismissal of his legal malpractice action without prejudice. The parties agreed that plaintiff filed his complaint before the applicable statute of limitations expired and that the limitations period tolled since its filing on April 16, 2015. They agreed to an initial 180-day tolling period that could be extended upon mutual written agreement.

Among other provisions, the tolling agreement contained the following:

> 7. Swogger waives and agrees not to assert the statute of limitations as an affirmative defense to a legal malpractice action filed by [plaintiff] within thirty (30) days after the termination of the tolling period established under this Agreement or any extension of this Agreement evidenced by a mutual written agreement if the legal malpractice action filed relates to the same legal representation of [plaintiff] by Swogger which is the subject of the present pending litigation.

> 8. The Parties agree that all of their respective causes of action, claims, remedies, and defenses that are in existence now are not waived or diminished in any way by this Agreement. This Agreement does not and shall not renew revive or reinstate any claim or cause of action that was otherwise barred as of [June 9 2015,] the Effective Date of this Agreement. This Agreement is not intended and shall not be construed to constitute a waiver of any statute of limitations defense(s) that any party may have with respect to claims *other than* legal malpractice, as currently alleged in [the pending 2015 case].

The parties extended the tolling agreement several times. On January 5, 2016, the court in the divorce action granted Bachi-Reffitt's motion for summary disposition and awarded her

$1.5 million, representing the entire value of the proceeds from the policy. Plaintiff unsuccessfully sought leave to appeal that ruling to this Court.[1]

On June 29, 2017, following our Supreme Court's denial of plaintiff's application for leave to appeal the $1.5 million judgment in Bachi-Reffitt's favor, plaintiff's attorney notified defendants' attorney that he elected to cancel the tolling agreement. On August 8, 2017, plaintiff filed this legal malpractice action against defendants. The general allegations in the 2017 Complaint were more detailed and included facts not alleged in the 2015 Complaint. Plaintiff alleged that Swogger committed malpractice and negligence by unilaterally inserting the forfeiture provision in the consent judgment of divorce, by failing to advise plaintiff to disclose the death benefit to Bachi-Reffitt, by advising plaintiff that he had no financial obligation to her upon receipt of the insurance proceeds, and by advising plaintiff and Munch that the insurance proceeds were not subject to the divorce property division. Plaintiff also alleged that Swogger breached fiduciary duties owed to him.

In lieu of filing an answer, defendants moved for summary disposition on the grounds that plaintiff's claims were barred by the statute of limitations and that his breach of fiduciary duty claim duplicated the malpractice claim.[2] Defendants asserted that the tolling agreement tolled only the legal malpractice claim specifically alleged in the 2015 Complaint. They argued that the limitations period on the legal malpractice claim expired days before plaintiff filed the 2017 Complaint. They contended that Swogger's representation of plaintiff in the divorce action concluded on April 19, 2013, the date the court entered the consent judgment of divorce, and although plaintiff timely filed the 2015 Complaint, upon the cancellation of the tolling agreement plaintiff had only three days left in which to revive his legal malpractice claim. Defendants contended that plaintiff failed to timely file the 2017 Complaint.

Plaintiff countered that the limitations period did not commence until May 21, 2013, when Swogger last represented him by sending the letter to Munch advising him that the insurance proceeds were an inheritance that did not need to be disclosed. Plaintiff further argued that the statute of limitations tolled for all of plaintiff's legal malpractice claims, not just the one contained in the 2015 Complaint. Plaintiff contended that his breach of fiduciary duty claim did not duplicate his legal malpractice claim because caselaw held that the state of mind necessary for conduct to constitute a breach of fiduciary duty required more culpability than that necessary for the negligence required for malpractice. Finally, plaintiff argued alternatively that, if defendant was not plaintiff's attorney after entry of the consent judgment, the trial court should allow him to amend his complaint to add a claim of negligent misrepresentation because defendants gave advice to him between April 17, 2013 and May 21, 2013.

---

[1] See *Reffitt v Bachi-Reffitt*, unpublished order of the Court of Appeals, entered October 24, 2016 (Docket No. 333149) (denying leave to appeal "for lack of merit in the grounds presented."), lv den *Reffitt v Bachi-Reffitt*, 500 Mich 1021 (2017), recon den 501 Mich 866 (2017).

[2] Defendants asserted that the new breach of fiduciary duty claim's statute of limitations had not been tolled by the tolling agreement, and therefore, became time-barred in 2016.

The trial court held that the tolling agreement only tolled the statute of limitations for the single count of legal malpractice stated in the 2015 Complaint and the statute of limitations barred that claim because plaintiff failed to file his complaint by August 2, 2017. The trial court also ruled that plaintiff's breach of fiduciary duty claim merely duplicated his legal malpractice claim. Accordingly, the trial court granted defendants summary disposition under MCR 2.116(C)(7).

Plaintiff moved for reconsideration alleging that his election to cancel the tolling agreement became effective on July 30, 2017, after which he had 30 days to file his complaint and, therefore, he timely filed his complaint on August 8, 2017. Plaintiff explained that defendants provided him legal representation on May 16 and May 21, 2013, and he took issue with the trial court's ruling that the legal representation ended as of the entry of the divorce judgment. Plaintiff also alleged that the trial court misinterpreted the tolling agreement to preclude application of the statute of limitations waiver from applying to any legal malpractice claims except the one contained in the 2015 Complaint. He asserted that his counsel who drafted the tolling agreement intended to toll all claims related to defendants' representation. Finally, plaintiff also argued that the trial court failed to consider his request for leave to amend to add a count of negligent misrepresentation. The trial court denied reconsideration because plaintiff raised the same issues already ruled on "either expressly or by reasonable implication" and failed to show a palpable error or that a different disposition of the motion must result from the correction of an error.

## II. JURISDICTION

Preliminarily, we address defendants' argument regarding the scope of this Court's subject-matter jurisdiction in this case. Plaintiff filed an appeal as of right on January 3, 2018, but this Court determined that it was untimely because plaintiff filed his December 6, 2017 motion for reconsideration 22 days after the November 14, 2017 final order. *Reffitt v Swogger*, unpublished order of the Court of Appeals, entered January 17, 2018 (Docket No. 341796). Plaintiff did not seek reconsideration of that order or seek leave to appeal this Court's decision to our Supreme Court. Plaintiff filed a delayed application for leave to appeal on May 14, 2018, which this Court granted. *Reffitt v Swogger*, unpublished order of the Court of Appeals, entered October 30, 2018 (Docket No. 343815). Defendants are correct that we are bound by this Court's previous order in Docket No. 341796, that plaintiff untimely filed his motion for reconsideration. However, defendants erroneously reason that because plaintiff failed to appeal this Court's order in Docket No. 341796, plaintiff is precluded from seeking appellate review of any arguments "contained in his untimely Motion for Reconsideration." We disagree because defendants misunderstand the precedential value of the January 17, 2018 order.

While this Court is bound by its determination that plaintiff untimely filed his motion for reconsideration, this Court based its determination that it lacked subject-matter jurisdiction over plaintiff's previous appeal solely on the technical application of MCR 7.202(6)(a) and MCR 7.203(A)(1). Defendants' argument ignores this Court's jurisdiction over applications for leave to appeal under MCR 7.203(B). MCR 7.205(G) sets forth the requirements for a late appeal "[w]hen an appeal of right was not timely filed or was dismissed for lack of jurisdiction." MCR 7.205(G)(1). The January 17, 2018 order expressly recognized that right: "At this time, appellant may seek to appeal either the November 14, 2017 order or the December 14, 2017

-4-

order by filing a delayed application for leave to appeal under MCR 7.205(G)." *Reffitt v Swogger*, unpublished order of the Court of Appeals, entered January 17, 2018 (Docket No. 341796). Plaintiff having appropriately filed his delayed application for leave, and this Court having granted it, this Court has subject-matter jurisdiction to consider all of the issues raised by plaintiff on appeal.

Defendants also assert that, because plaintiff did not raise until his motion for reconsideration the issue of whether defendants waived the right to raise a statute of limitations defense as long as plaintiff filed a new malpractice complaint within 30 days of the termination of the tolling agreement, he failed to preserve the issue. Assuming, without deciding, that the issue is unpreserved, this Court "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (citation omitted). Given that the interpretation of a contract is a question of law that is reviewed de novo, *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006), and the proper interpretation of the tolling agreement forms the entire basis of this appeal, we will consider all of plaintiff's issues.

## III. STANDARDS OF REVIEW

We review de novo a trial court's decision to grant summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). We review de novo whether a cause of action is barred by a statute of limitations. *Collins v Comerica Bank*, 468 Mich 628, 631; 664 NW2d 713 (2003). Our "review is limited to review of the evidence properly presented to the trial court." *Barnard Mfg*, 285 Mich at 380 (citations omitted). We also review de novo the proper interpretation of a contract and whether a contract's terms are ambiguous. *Able Demolition, Inc v City of Pontiac*, 275 Mich App 577, 581; 739 NW2d 696 (2007).

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Ehler v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016) (citation omitted). A trial court "abuses its discretion when it makes an error of law." *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 364; 824 NW2d 609 (2012) (citation omitted). Finally, appellate courts "review interpretation of court rules de novo and under the same principles that govern the construction of statutes." *Dawley v Hall*, 501 Mich 166, 169; 905 NW2d 863 (2018) (quotation marks and citation omitted).

## IV. ANALYSIS

### A. STATUTE OF LIMITATIONS

Plaintiff first argues that the trial court erred by granting defendants summary disposition because, under the tolling agreement, defendants waived their right to assert a statute of limitations defense against plaintiff's legal malpractice complaint. We agree.

-5-

Summary disposition under MCR 2.116(C)(7) is appropriate if a claim is barred by the applicable statute of limitations. When presented with a motion under MCR 2.116(C)(7), the trial court must accept as true all well-pleaded allegations and construe them in the light most favorable to the nonmoving party, and it must consider all of the documentary evidence submitted by the parties. *Wade v Dep't of Corrections*, 439 Mich 158, 162-163; 483 NW2d 26 (1992); MCR 2.116(G)(5). Whether plaintiff timely filed his complaint under the terms of the tolling agreement is a question of contract interpretation. Courts interpret a contract by determining the intent of the parties. *Able Demolition*, 275 Mich App at 582. An unambiguous contract must be enforced according to its terms. *Id.* at 581. " 'Thus, an unambiguous contractual provision is reflective of the parties' intent as a matter of law.' " *Id.*, quoting *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 375; 666 NW2d 251 (2003).

In this case, the trial court ruled that plaintiff's legal malpractice claim accrued on entry of the consent judgment of divorce on April 19, 2013. The trial court reasoned that, because plaintiff filed the 2015 Complaint on April 16, 2015, he timely filed the action three days before the lapse of the applicable two-year statute of limitations for legal malpractice actions. The trial court noted that plaintiff cancelled the tolling agreement on June 29, 2017, and concluded that, under the tolling agreement's terms, this started a 30-day period that ended on July 30, 2017. Based on its determination of the claim accrual date, the trial court concluded that plaintiff had three days remaining from the original two-year limitations period, and therefore, plaintiff had to file his complaint within three days after July 30, 2017, after the cancellation of the tolling agreement. The trial court ruled that plaintiff's August 8, 2017 filing occurred several days after the expiration of the applicable statute of limitations.

As part of the trial court's calculation of the expiration date for the statute of limitations period, the trial court stated that Swogger's provision of legal advice to plaintiff on May 16 and 21, 2013, after entry of the consent judgment of divorce on April 19, 2013, essentially did not constitute legal representation of plaintiff because she simply repeated legal advice she gave on April 17, 2013. The trial court ruled that Swogger's provision of legal advice during May 2013, reverted back to the date of entry of the consent judgment of divorce for claim accrual purposes, because she simply repeated earlier advice.

The trial court opined that Swogger's representation of plaintiff in his divorce proceedings ended on the date of entry of the judgment of divorce, and "anything after that is separate and relates back in a way" and concluded that rendering advice after entry of the judgment of divorce did not constitute providing legal advice to plaintiff. The trial court, therefore, treated Swogger's representation as terminated and her further work for plaintiff as though it had no effect on the accrual date of his malpractice claim or the commencement of the two-year statute of limitations period. Based on that reasoning, the trial court justified its ruling that the limitations period for a legal malpractice action began to run on the date of entry of the consent judgment. The trial court's reasoning and decision in this regard cannot be sustained.

The trial court erroneously disregarded the facts that, on May 21, 2013, Swogger sent a letter to plaintiff, advising him that she had been contacted by Munch of Huntington Bank regarding the potential inheritance plaintiff might receive from his brother's estate. Swogger told plaintiff that Munch requested that she draft a letter explaining that the inheritance was not a marital asset. Swogger complied with the request, drafted the letter on plaintiff's behalf, and

-6-

sent the letter to plaintiff for his review and comments. In her letter to Munch, Swogger advised him that any inheritance plaintiff might receive from his brother's estate would be separate property not subject to the divorce. She invited Munch to contact her with any questions. Swogger at no time advised either plaintiff or Munch that her representation of plaintiff had concluded. On the contrary, Swogger's conduct established that she continued her legal representation of plaintiff after the entry of the consent judgment of divorce.

Moreover, the record does not reflect that Swogger terminated her representation of plaintiff upon entry of the consent judgment of divorce on April 19, 2013. There is no indication that Swogger took any affirmative steps to do so or that the divorce court terminated Swogger's representation at that time. The trial court's conclusion that Swogger's representation terminated automatically upon entry of the consent judgment of divorce on April 19, 2013, without proof of such termination, constituted an error. The action taken by Swogger on plaintiff's behalf after the entry of the consent judgment of divorce on April 19, 2013, and the provision of legal advice to him during May 2013 was part of a continued course of the attorney-client relationship and the provision of legal representation of plaintiff through May 21, 2013. Accordingly, plaintiff's legal malpractice claim accrued on May 21, 2013, and the applicable limitations period commenced on that date, not on April 19, 2013. Consequently, the original limitations period, if not tolled, would have elapsed on May 21, 2015.

Plaintiff, timely commenced his first legal malpractice action on April 16, 2015, 35 days before the expiration of the applicable limitations period. The determination whether plaintiff timely filed this legal malpractice action in this case turns on the interpretation and application of the provisions of the tolling agreement.

The record reflects that the parties entered the tolling agreement during the pendency of the first legal malpractice action and plaintiff voluntarily dismissed that action without prejudice. The record reflects that the parties extended the tolling period by mutual agreement. Plaintiff gave notice of his intent to cancel the tolling agreement on June 29, 2017. The tolling agreement provided in relevant part:

> 6. The Parties agree that either party may cancel this Agreement at any time *provided* that written notice via email or facsimile is given to the other party (or its legal representative) thirty (30) days prior to the cancellation. Written notice shall be effective and the 30 day period shall start on the day *after* such notice is sent via email or facsimile to the legal representatives of the parties to the Agreement.

Under ¶ 6 of the tolling agreement, the 30-day period before cancellation commenced the day after plaintiff sent defendants notice. The period, therefore, commenced on June 30, 2017, and expired 30 days later on July 29, 2017. The following day, upon the tolling agreement's effective cancellation, plaintiff could file his legal malpractice action against defendants. Under the tolling agreement's terms, the statute of limitations period for plaintiff's legal malpractice claims began running again on July 30, 2017. Because plaintiff had 35 days in which to file his complaint, he had until September 2, 2017, to do so. The record reflects that plaintiff filed this action on August 8, 2017, well within the time remaining before the expiration of the applicable limitations period. Plaintiff, therefore, timely filed this action long before the expiration of the

limitations period. Accordingly, the trial court miscalculated the limitations period and erred by ruling that plaintiff failed to timely file the instant action.

Plaintiff also argues that ¶ 7 gave him 30 days after the tolling agreement cancellation to file his complaint and that, so long as he filed his complaint within those 30 days, the terms of the tolling agreement barred defendants from asserting a statutes of limitations affirmative defense. We agree.

Paragraph 7 of the tolling agreement provided:

> 7.     Swogger waives and agrees not to assert the statute of limitations as an affirmative defense to a legal malpractice action filed by Reffitt within thirty (30) days after the termination of the tolling period established under this Agreement or any extension of this Agreement evidenced by a mutual written agreement if the legal malpractice action filed relates to the same legal representation of Reffitt by Swogger which is the subject of the present pending litigation.

We find no ambiguity in this provision. The plain language of ¶ 7 provides that the parties agreed that plaintiff could file a legal malpractice action related to Swogger's legal representation related to his divorce within 30 days of the termination of the tolling agreement. Under the terms of ¶ 7, Swogger plainly waived her right to assert a statute of limitations defense against such claims. Because plaintiff filed this action on August 8, 2017, within 30 days after the termination of the tolling period, his action complied with the terms specified in ¶ 7 and Swogger could not defend on the ground of the expiration of the statute of limitations. Therefore, the trial court's decision suffered from an alternative flaw because even if he had only a limited number of days left in which to file his complaint, the plain language of the tolling agreement provided him a 30-day grace period.

Defendants assert that this interpretation is erroneous and that the tolling agreement had only a single 30-day period specified in the tolling agreement and that both ¶ ¶ 6 and 7 referred to the same period. We disagree. The plain language of the agreement does not comport with such a reading. ¶ 6 specified the manner and timing of cancellation of the tolling period upon written notice and provided for a distinct 30-day period from notice to the date of termination. Paragraph 7 specified two additional provisions, Swogger's waiver of the statute of limitations defense and her agreement that plaintiff had a 30-day grace period after cancellation of the tolling period during which plaintiff could file the instant action. Further, the propriety of reading the two paragraphs in this manner is apparent when read in the context of other provisions set forth in the tolling agreement. For example, this interpretation is consistent with the provisions of ¶ 3 under which the parties agreed that plaintiff "has not and will not file, or cause to be filed, any further legal proceedings" against defendants arising from Swogger's representation "for the duration of the Tolling Period." Paragraph 3 precluded plaintiff from filing a complaint until the tolling period terminated, which had to occur pursuant to ¶ 6; and ¶ 7 provided him 30 days after that date within which he could file his complaint without fear of being subject to a statute of limitations defense.

Applying the plain language of the tolling agreement to the facts of this case establishes that the cancellation of the tolling agreement and termination of the tolling period established by the tolling agreement, occurred on July 30, 2017. The 30-day period specified in ¶ 6 commenced on the date of plaintiff's notice; and upon cancellation of the tolling period, the 30-day period specified in ¶ 7 commenced. Because plaintiff filed his complaint on August 8, 2017, within that 30-day waiver period under ¶ 7, defendants were precluded from asserting a statute of limitations defense to the complaint. Accordingly, the trial court erred when it granted summary disposition to defendants under MCR 2.116(C)(7). Further, because interpretation of a contract is a question of law, *DaimlerChrysler Corp v G-Tech Prof Staffing, Inc*, 260 Mich App 183, 184-185; 678 NW2d 647 (2003), and a trial court necessarily abuses its discretion when it makes an error of law, *Gentris*, 297 Mich App at 364, the trial court abused its discretion when it failed to reconsider its grant of summary disposition to defendants on statute of limitations grounds.

## B. SCOPE OF COMPLAINT

Plaintiff also argues that the trial court erred by ruling that the tolling agreement only applied to the specific single legal malpractice claim stated in the 2015 Complaint and precluded him in the instant action from asserting any other claims arising out of Swogger's legal representation. We agree.

Defendant argued to the trial court that the tolling agreement tolled the applicable statute of limitations only as to the single legal malpractice allegation plaintiff asserted in the 2015 Complaint, but as for any other claims of legal malpractice, the limitations period continued to run resulting in the expiration of the limitations period for all other claims. The trial court held that the allegations plaintiff made in this case, of other conduct by Swogger that breached the applicable standard of care, that he did not allege in the 2015 Complaint, exceeded the scope of the tolling agreement, and therefore, were barred by the expiration of the statute of limitations. The trial court concluded that the tolling agreement only applied to the single claim of alleged malpractice stated in the 2015 Complaint. The trial court opined that the added claims in plaintiff's 2017 Complaint were barred by the statute of limitations because they were not tolled by the agreement, and even if Swogger's May 2013 advice started a separate accrual period, that period expired in May 2015.

"The primary goal in interpreting contracts is to determine and enforce the parties' intent." *Old Kent Bank v Sobczak*, 243 Mich App 57, 63; 620 NW2d 663 (2000). "To do so, this Court reads the agreement as a whole and attempts to apply the plain language of the contract itself." *Id*. The language of the contract is to be given its ordinary, plain meaning; technical, constrained constructions should be avoided. *Bianchi v Automobile Club of Mich*, 437 Mich 65, 71 n 1; 467 NW2d 17 (1991). The construction of the terms of a contract is generally a question of law for the court; however, where a contract's meaning is ambiguous, the question of interpretation should be submitted to the fact-finder. *D'Avanzo v Wise & Marsac, PC*, 223 Mich App 314, 319; 565 NW2d 915 (1997), lv den 456 Mich 864 (1997). A contract is ambiguous when its words can reasonably be understood in different ways. *Id*. Inartfully worded or clumsily arranged contract terms do not render a contract ambiguous if it fairly admits of one interpretation. *Mich Twp Participating Plan v Pavolich*, 232 Mich App 378, 382; 591 NW2d 325 (1998).

Trial courts, however, may not substitute their own judgment for the intent of the parties and remake the contract into something the parties never intended because that would undermine the parties' freedom to contract. *Grosse Pointe Park v Mich Muni Liability & Prop Pool*, 473 Mich 188, 199-200; 702 NW2d 106 (2005). Parties are free to contract as they see fit, and trial courts must enforce contracts unless they are in violation of law or public policy. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003).

Contracts must "be construed as a whole, giving effect to all provisions." *Turner v Bituminous Cas Co*, 397 Mich 406; 244 NW2d 873 (1976). Courts must avoid interpretations that would render any part of a contract surplusage or nugatory, and must also, if possible, seek an interpretation that harmonizes potentially conflicting terms. *Wells Fargo Bank, NA v Cherryland Mall Ltd Partnership*, 295 Mich App 99, 111; 812 NW2d 799 (2011), remanded on other ground, 493 Mich 859 (2012). Further, where a contract contains specific and general terms, the specific terms control over the general terms. *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 719; 706 NW2d 426 (2005).

The resolution of this issue and appeal involves the construction and interpretation of the terms of the tolling agreement. This issue requires analysis of the tolling agreement, ¶ ¶ 3, 5, 7, and 8, which provided:

> 3. REFFITT expressly agrees that he has not and will not file, or cause to be filed, any further legal proceeding, against SWOGGER asserting any claim or cause of action arising out of or related to the facts and circumstances of SWOGGER's legal representation of REFFITT for the duration of the Tolling Period.

> \* \* \*

> 5. The Parties agree that the statute of limitations applicable to REFFITT's potential claims against SWOGGER relating to SWOGGER's legal representation of REFFITT in his divorce proceedings shall be tolled for ONE HUNDRED EIGHTY (180) days from the Effective Date of this Agreement, as defined in Paragraph 8.

> \* \* \*

> 7. Swogger waives and agrees not to assert the statute of limitations as an affirmative defense to a legal malpractice action filed by Reffitt within thirty (30) days after the termination of the tolling period established under this Agreement or any extension of this Agreement evidenced by a mutual written agreement if the legal malpractice action filed relates to the same legal representation of Reffitt by Swogger which is the subject of the present pending litigation.

> 8. The Parties agree that all of their respective causes of action, claims, remedies, and defenses that are in existence now are not waived or diminished in any way by this Agreement. This Agreement does not and shall not renew, revive or reinstate any claim or cause of action that was otherwise barred

-10-

as of the Effective Date of this Agreement. This Agreement is not intended and shall not be construed to constitute a waiver of any statute of limitations defense(s) that any party may have with respect to claims *other than* legal malpractice, as currently alleged in filed Case # 15-30919-NM, pending in the Circuit Court for Grand Traverse.

The plain language of ¶ 3 prohibited plaintiff during the tolling period from "asserting any claim or cause of action arising out of or related to the facts and circumstances of SWOGGER's legal representation[.]" Paragraph 3 did not limit the scope or number of claims arising out of Swogger's legal representation of plaintiff. Under ¶ 5, the parties tolled the statute of limitations that applied to plaintiff's "potential claims against SWOGGER relating to SWOGGER's legal representation" of plaintiff. Significantly, one cannot reasonably read ¶ 5 without acknowledging that it recognized the possibility of additional potential claims. The language of ¶ 5 did not limit the scope or number of claims arising out of Swogger's legal representation of plaintiff. Neither ¶ 3 nor ¶ 5 expressly prohibited plaintiff from raising other allegations of malpractice or restricted him from identifying conduct by Swogger during her representation that allegedly fell below the applicable standard of care.

Paragraph 7 provided that Swogger waived the statute of limitations defense to "a legal malpractice action filed by" plaintiff "if the legal malpractice action filed relates to the same legal representation of Reffitt by Swogger which is the subject of the present pending litigation." The plain language of this paragraph permitted plaintiff to bring another legal malpractice action so long as it related to Swogger's legal representation of plaintiff. The terms "which is the subject of the present pending litigation" describe the generic nature of the pending legal malpractice action but do not specifically limit any post-tolling period legal malpractice action to the single claim asserted in the 2015 Complaint.

Notably, the plain language of ¶ 8 preserved the parties' respective claims and defenses and provided that no claims or defenses were waived or diminished by the tolling agreement. Further, ¶ 8 preserved statute of limitations defenses for any claims plaintiff might assert other than legal malpractice claims. The phrase, "as currently alleged in filed Case # 15-30919-NM, pending in the Circuit Court for Grand Traverse[,]" appears to be descriptive but not restrictive. The proper interpretation of ¶ 8, therefore, does not permit reading into ¶ 8 a blanket prohibition against plaintiff's raising allegations of other legal malpractice committed by Swogger during her representation of plaintiff.

Moreover, when read in harmony, ¶¶ 3, 5, 7, and 8's permissive language cannot be interpreted to have prohibited plaintiff from raising in a new lawsuit any and all claims available to him respecting Swogger's legal representation of him. As explained above, her representation did not terminate as of the entry of the consent judgment of divorce, and to the extent that her representation of him and conduct during that representation through May 21, 2013, allegedly constituted legal malpractice, the tolling agreement did not expressly or impliedly prohibit him from stating all such claims he may have had when filing the instant action. Further, to the extent that his allegations sounded in legal malpractice or claims arising from Swogger's legal representation, the tolling agreement preserved plaintiff's right to do so and prohibited Swogger from asserting a statute of limitations defense against them. Examination of plaintiff's complaint in this action reveals that his claims all arose from and related to Swogger's legal representation

of plaintiff. Further, because plaintiff filed his 2017 Complaint within 30 days of the cancellation of the tolling period, he timely filed his claims and they were not subject to the statute of limitations defense pursuant to the terms of the tolling agreement. Accordingly, the trial court erred by misinterpreting the tolling agreement to bar the claims raised by plaintiff in the instant action.

However, because ¶ 8 limited defendants' waiver in ¶ 7 to legal malpractice claims, defendants did not waive their right to assert a statute of limitations defense to plaintiff's breach of fiduciary duty claim which plaintiff's 2017 Complaint indicates arose from Swogger's legal representation of plaintiff, the same facts and circumstances that gave rise to the legal malpractice complaint. Paragraph 8 clarified that the parties did not intend for the tolling agreement to constitute a waiver of all statute of limitations defenses and particularly preserved defendants' right to assert the statute of limitations defense to claims *other than* legal malpractice.

As this Court explained in *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 47; 698 NW2d 900 (2005), a breach of fiduciary duty claim differs from a legal malpractice claim by requiring proof of conduct committed with "a more culpable state of mind than the negligence required for malpractice." A claim of breach of fiduciary duty accrues when the beneficiary of the fiduciary relationship knew or should have known of the breach. *Id*. A breach of fiduciary duty claim must be brought within three years. *Id*. Paragraph 5 of the tolling agreement expressly tolled the statutes of limitations for all of plaintiff's potential claims against Swogger relating to her representation of plaintiff in his divorce. Accordingly, as of June 9, 2015, the tolling agreement tolled all limitations periods for claims with unexpired limitations periods. Plaintiff's allegations respecting breaches of fiduciary duties parallel his claims of legal malpractice and allegedly arose during Swogger's representation of him. Accordingly, the accrual period for his breach of fiduciary duty claim commenced at the latest when she last performed work on plaintiff's behalf on May 21, 2013. The statute of limitations for such claim, therefore, would ordinarily have expired on May 21, 2016, but because of the operation of the tolling agreement, as of June 9, 2015, the limitations period was tolled for the tolling period and recommenced following plaintiff's termination of the tolling agreement. Because plaintiff filed his 2017 Complaint on August 8, 2017, the three-year limitations period for his breach of fiduciary duty claim had not expired.

## C. BREACH OF FIDUCIARY DUTY

Plaintiff next argues that the trial court erred by striking his breach of fiduciary duty claim as duplicative of his legal malpractice claims. We agree.

In opposing defendants' request to strike the breach of fiduciary duty claim, plaintiff cited and quoted from authoritative caselaw from this Court that expressly held that they constituted distinct legal claims. See, *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 46-47; 698 NW2d 900 (2005). Defendants argued to the trial court that plaintiff's breach of fiduciary duty claim merely duplicated plaintiff's legal malpractice claims. The trial court incorrectly agreed and dismissed the alternative count solely on that ground. *Prentis*, however, establishes that the two claims are not synonymous or duplicative and that plaintiff's breach of fiduciary duty claim required proof of at least one

-12-

element distinct and separate from legal malpractice. Therefore, the trial court erred by dismissing plaintiff's breach of fiduciary duty claim. Further, defendants' assertion that the claim duplicated his malpractice claim and, therefore, could be dismissed as barred by the two-year statute of limitations for legal malpractice actions also fails as a matter of law. Because plaintiff showed that a breach of fiduciary duty claim is not automatically duplicative of a legal malpractice claim, and the claim was not barred by the statute of limitations, the trial court erred by striking the count as duplicative, and could not have alternatively dismissed it under MCR 2.116(C)(7).

## D. NEGLIGENT MISREPRESENTATION

Lastly, plaintiff argues that the trial court erred when it failed to consider his argument that he should be permitted leave to amend his complaint to add a count for negligent misrepresentation. Defendants argue that this Court should not decide this issue because it was never decided by the trial court. Defendants also note that plaintiff never actually filed a motion for leave to amend. Accordingly, we conclude that the trial court did not abuse its discretion by failing to consider plaintiff's alternative request to amend his pleading. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael F. Gadola
/s/ James Robert Redford

-13-