CAVALIER MANUFACTURING COMPANY v EMPLOYERS INSURANCE
OF WAUSAU (ON REMAND)

Docket No. 199682. Submitted December 9, 1996, at Lansing. Decided February 28, 1997, at 9:00 A.M.

Cavalier Manufacturing Company brought an action in the Oakland Circuit Court against Employers Insurance of Wausau, Cavalier's worker's compensation and primary liability insurer; Bituminous Casualty Company, Cavalier's excess liability insurer; and Virginia Durand, a Cavalier employee who lost her hands in an accident involving a power press at work, seeking a declaration concerning the insurers' obligations to Cavalier after Cavalier and Durand consented to the entry of a judgment in favor of Durand in an action in which Durand had alleged intentional tort by Cavalier in order to avoid the exclusive remedy of worker's compensation. The court, Barry L. Howard, J., granted summary disposition for the insurers, ruling that coverage was excluded under the Wausau policy exclusion for bodily injury intentionally caused or aggravated by the insured. On appeal by Cavalier, the Court of Appeals, CORRIGAN, P.J., and O'CONNELL and G. S. ALLEN, JJ., vacated the order of summary disposition and remanded the case for further proceedings, holding that the exclusion at issue applies only where there is both an intentional act and an intentionally caused injury and that, because it was not established in Durand's action against Cavalier whether Durand had acted by design to cause the specific injury or merely had disregarded actual knowledge of the certainty of injury—either of which would satisfy the intentional tort exception to the exclusive remedy of worker's compensation—remand was necessary to determine whether the exclusion applied. 211 Mich App 330 (1995). The insurers applied for leave to appeal in the Supreme Court, which held their applications in abeyance pending the Supreme Court's decision in *Travis v Dries & Krump Mfg Co* and *Golec v Metal Exchange Corp*. After issuing those decisions, 453 Mich 149 (1996), the Supreme Court remanded this case for reconsideration in light of *Travis* and *Golec*. 453 Mich 950 (1996).

On remand, the Court of Appeals *held*:

1. *Travis* and *Golec* involved the determination whether an employee's allegations successfully avoid the exclusive remedy of worker's compensation, not whether an employee's allegations are

comprehended by an employer's liability policy. *Travis* and *Golec* thus have no bearing on the issue in this case.

2. The Wausau policy does not define "bodily injury intentionally caused." In other cases, this Court has concluded that a policy exclusion for bodily injury intentionally caused requires both an intentional act and an intentionally caused injury before the insurer is relieved of its duty to defend or provide coverage.

3. The Wausau exclusion is inapplicable in the absence of any allegation by Durand in her suit against Cavalier that Cavalier intended to injure Durand.

Order of summary disposition vacated; case remanded for further proceedings.

INSURANCE — LIABILITY INSURANCE — EXCLUSIONS — BODILY INJURY INTENTIONALLY CAUSED.

An exclusion of coverage under a liability insurance policy for "bodily injury intentionally caused," if not defined in the policy, requires both an intentional act and an intentionally caused injury before the insurer is relieved of its duty to defend or provide coverage; the exclusion does not relieve the insurer of its duty to defend or provide coverage to the insured in the absence of an allegation by the injured party that the insured acted with intent to injure.

*Mark Granzotto* and *Sheldon D. Erlich*, for Cavalier Manufacturing Company.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Thomas L. Misuraca* and *Robert D. Goldstein*), for Employers Insurance of Wausau.

*Lacey & Jones* (by *Michael T. Reinhold*), for Bituminous Casualty Company.

ON REMAND

Before: CORRIGAN, C.J., and HOLBROOK, JR., and O'CONNELL, JJ.

O'CONNELL, J. This matter is on remand from the Supreme Court. Our original opinion in this case appears at 211 Mich App 330; 535 NW2d 583 (1995). Both defendants applied for leave to appeal to the

Supreme Court, and the applications were held in abeyance pending the Court's decisions in the consolidated cases of *Travis v Dreis & Krump Mfg Co* and *Golec v Metal Exchange Corp*, 453 Mich 149; 551 NW2d 132 (1996). After the Supreme Court issued its opinion in *Travis* and *Golec*, it remanded the matter back to this Court for reconsideration. 453 Mich 950 (1996). After considering *Travis* and *Golec*, we again vacate the order granting summary disposition in favor of defendants and remand for further proceedings.

The instant case is a declaratory action involving interpretation of an insurance policy and, as is often the case in declaratory actions of this nature, stems from a separate suit. To summarize briefly the facts underlying the distinct action giving rise to the present dispute, an employee of Cavalier was injured when an industrial press "double tripped" while the employee was removing stamped product from the press. Her hands were crushed.

The employee brought suit against Cavalier. To avoid the exclusive remedy provision of the Worker's Disability Compensation Act (WDCA), MCL 418.131(1); MSA 17.237(131)(1),[1] the employee alleged facts meant to demonstrate that Cavalier had committed an

---

[1] MCL 418.131(1); MSA 17.237(131)(1) provides as follows:

The right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. *An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge.* The issue of whether an act was an intentional tort shall be a question of law

"intentional tort" as that term is used in the WDCA. Cavalier, the defendant in the earlier action, moved for summary disposition, contending that even if the employee's allegations were accepted as true, the facts alleged did not rise to the level of an intentional tort. The circuit court disagreed and denied Cavalier's motion.[2]

At the time, defendant Employers Insurance of Wausau provided Cavalier with worker's compensation and employer's liability insurance and had defended Cavalier against the suit by its employee. Defendant Bituminous Casualty Company provided excess coverage. The policy in force provided "[t]his insurance does not cover . . . bodily injury intentionally caused or aggravated . . . ." Upon the circuit court's ruling that the employee's allegations, if proved, would constitute an intentional tort, Wausau terminated its defense of Cavalier on the basis of this exclusion.

---

for the court. This subsection shall not enlarge or reduce rights under the law. [Emphasis supplied.]

[2] In our opinion, the facts alleged by the employee, which are set forth subsequently in the text of this opinion, fall short of constituting an intentional tort within the meaning of the WDCA. See *Travis* and *Golec, supra.* Unfortunately, upon the circuit court's denial of Cavalier's motion for summary disposition, Wausau abandoned its defense of Cavalier, and Cavalier did not independently seek review of the ruling. Wausau's actions were likely unjustified. See *Ziebart Int'l Corp v CNA Ins Cos,* 78 F3d 245 (CA 6, 1996) (worker's compensation and business liability insurer's duty to defend may continue beyond court's ruling that the employee has alleged an intentional tort under the WDCA). The failure to seek appellate review has left this Court in the awkward position of resolving this declaratory action adverse to Wausau, despite the fact that, had the underlying suit been resolved properly, Wausau would have faced no liability. However, had Wausau continued its defense of Cavalier, see *id.,* it would not now find itself in this situation.

Cavalier then filed this declaratory action, naming its insurers as defendants. Cavalier argued that its employee's complaint did not allege "bodily injury intentionally caused," regardless of the complaint's legal effect in the context of the WDCA, and, accordingly, that the policy comprehended the suit brought by the employee. The court was not persuaded and granted summary disposition in favor of the insurers.

Cavalier appealed to this Court. We reversed.

On reconsideration, we hold that the *Travis* and *Golec* decision does not alter our resolution of the dispute before us. In its decision in *Travis* and *Golec*, the Supreme Court attempted to clarify the standard to determine whether an employee had successfully alleged an "intentional tort" when attempting to avoid the exclusive remedy provision of the WDCA.[3] In contrast, the present action does not *directly* involve an employee's suit against its employer. The present action was brought by an employer against its insurers to determine whether an employee's allegations fell within the coverage provided by the insurance policy. Thus, we must determine not whether an employee's allegations successfully avoid the exclusive remedy provision of the WDCA, as was the case in *Travis* and *Golec*, but whether those allegations are comprehended by a particular insurance policy. As we concluded in the initial *Cavalier* decision, we believe that the instant employee's allegations do not

---

[3] Five justices agreed concerning the legal standard to be applied when determining whether a plaintiff has successfully alleged an intentional tort. However, this majority split 3-2 when attempting to apply that standard in *Golec*, with those adhering to the lead opinion seemingly disavowing a new rule of law only a few pages after first announcing it.

fall within the exclusion in issue and, accordingly, are covered by the policy issued by defendant Wausau.

We first examine the exclusion in the Wausau policy, which, as mentioned above, states that "[t]his insurance does not cover . . . bodily injury intentionally caused or aggravated by [Cavalier]." At issue in the present case is the "intentionally caused" language. As summarized in *Allstate Ins Co v Freeman*, 432 Mich 656, 664-665; 443 NW2d 734 (1989) (opinion of RILEY, J.), the terms of an insurance contract are interpreted according to the definitions set forth therein, or, if none are provided, are given a meaning in accordance with their common usage. While ambiguities in a policy are generally construed in favor of the insured, the Court will not create ambiguities where none exist. *Id.*

While the Wausau policy does not define the phrase "bodily injury intentionally caused," this Court has had occasion to interpret language virtually identical to that presently in issue and we have concluded that "such a[n exclusionary] provision 'requires both an intentional act and an intentionally caused injury,' before the insurer is relieved of its duty to defend or provide coverage." *Transamerica Ins Co v Anderson*, 159 Mich App 441, 444; 407 NW2d 27 (1987), quoting *Linebaugh v Berdish*, 144 Mich App 750, 755; 376 NW2d 400 (1985). Therefore, to fall within the exclusion of Wausau's policy, two circumstances must exist. First, the employee must have alleged that the employer intentionally committed an act, and, second, the employee must have alleged that the intention underlying that act was to cause injury.

In the present case, the employee's complaint failed to allege "bodily injury intentionally caused" because

she did not allege that Cavalier committed any act with the intent to injure her. The employee, in her complaint, simply did not suggest that either Cavalier Manufacturing Company as a juridical entity, or any individual agent of Cavalier, *Smith v General Motors Corp*, 192 Mich App 652, 657; 481 NW2d 819 (1992), actually harbored an intent to injure her. The complaint included only the following allegations: that Cavalier had repeatedly been cited by the Department of Labor, Bureau of Safety and Regulation, for violations of the Michigan Occupational Safety and Health Act, (MIOSHA), MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.;* that Cavalier had failed to properly instruct and train its employees not to place their hands in the die "despite having knowledge of the dangers" and despite having "actual knowledge of the MIOSHA statutes prohibiting hands in die operation"; that Cavalier provided no tongs to remove the stamped product and specifically required its employees to place their hands in the die; and that Cavalier had negligently welded a bolt to a sprocket that partially controlled the timing of the press and that the bolt had broken, thereby causing the press to double trip. The complaint makes no mention of an actual intent to injure.

Therefore, the Wausau policy exclusion does not encompass the allegations made by the employee. The exclusion excludes coverage for "bodily injury intentionally caused." As explained in *Transamerica, supra,* "bodily injury intentionally caused" requires, among other things, that the intent underlying the act causing injury must actually be to cause injury. The employee has alleged no actual intent to injure on the part of Cavalier or on the part of any of its agents. Therefore, the employee has not alleged "bodily

injury intentionally caused," and the exclusion is inapplicable.

The *Travis* and *Golec* decision does not alter this conclusion. The Supreme Court's interpretation of statutory language contained in the WDCA has no bearing on the language contained in Wausau's insurance policy. While Wausau intended that its worker's compensation and employer's liability policy exclude coverage for intentional torts under the WDCA, its intent does not alter the language set forth in its policy.

However, no actual facts having been litigated, it remains conceivable that the insurers in this case may be able to establish that the actions of the insured, Cavalier, with respect to the employee bringing suit, did, in fact, constitute "bodily injury intentionally caused." If so, the exclusionary clause is properly invoked. On the other hand, if the facts establish only that Cavalier behaved negligently or recklessly, for example, the exclusionary clause does not apply. Notwithstanding that the insurers, who initially appeared in this Court having prevailed on their motion for summary disposition, have alleged no facts that would indicate that the employee's injuries are a result of "bodily injury intentionally caused," they nonetheless are entitled to an opportunity to amend their pleadings, if the facts justify such amendment. MCR 2.116(I)(5). Accordingly, the circuit court's order granting the insurers' motion for summary disposition is vacated, and the cause is remanded for further proceedings consistent with this opinion.

The order appealed is vacated, and the case is remanded. Jurisdiction is not retained.