HEATH v STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Docket No. 235030. Submitted November 5, 2002, at Lansing. Decided
November 19, 2002. Approved for publication January 24, 2003, at
9:15 A.M.

Adolphus Heath brought an action in the Wayne Circuit Court against
State Farm Mutual Automobile Insurance Company and others,
seeking from State Farm, his automobile insurer, benefits under
uninsured motorist coverage for an accident that occurred while he
was riding his uninsured motorcycle. State Farm moved for sum-
mary disposition, arguing that coverage was excluded under the
terms of the "other owned vehicle" exclusion in the policy. The
court, William J. Giovan, J., denied the motion and entered judg-
ment in favor of the plaintiff. State Farm appealed.

The Court of Appeals *held*:

The general definitions section of the policy at issue provides
that coverage is not available for bodily injury to an insured "while
occupying a motor vehicle owned by . . . you . . . if it is not insured
for this coverage under this policy." The term "motor vehicle,"
while not defined in the general definitions section or the unin-
sured motorist coverage section of the policy, when given its com-
mon sense, ordinary meaning, includes a motorcycle. The policy
therefore unambiguously excluded coverage for the plaintiff's
accident.

Reversed.

INSURANCE — INSURANCE POLICIES — UNDEFINED TERMS.

A term used in, but not defined by, an insurance policy is to be inter-
preted in accordance with its commonly used meaning.

*Wigod, Falzon & DiCicco, P.C.* (by *Gerald E.
Wigod*), for Adolphus Heath.

*Romain, Kuck & Egerer, P.C.* (by *Michael P. Dan-
iels* and *Douglas J. Curlew*), for State Farm Mutual
Automobile Insurance Company.

Before: Griffin, P.J., and Gage and Meter, JJ.

Per Curiam. Defendant State Farm Mutual Automobile Insurance Company appeals as of right from a circuit court order denying its motion for summary disposition and entering judgment in plaintiff's favor. We reverse. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

The trial court's ruling on a motion for summary disposition is reviewed de novo. *Kefgen v Davidson*, 241 Mich App 611, 616; 617 NW2d 351 (2000). The construction and interpretation of an insurance policy and whether the policy language is ambiguous are questions of law that are also reviewed de novo on appeal. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 353; 596 NW2d 190 (1999).

An insurance policy is much the same as any other contract. It is an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). When determining what the parties' agreement is, the court should read the contract as a whole and give meaning to all the terms contained within the policy. *Royce v Citizens Ins Co*, 219 Mich App 537, 542; 557 NW2d 144 (1996). If the insurance contract sets forth definitions, the policy language must be interpreted according to those definitions. *Cavalier Mfg Co v Employers Ins of Wausau (On Remand)*, 222 Mich App 89, 94; 564 NW2d 68 (1997). If a term is not defined in the policy, it is to be interpreted in accordance with its commonly used meaning. *Henderson, supra* at 354. Clear and unambiguous language may not be rewritten under the guise of interpretation. *South Macomb Disposal Auth v Amer-*

*ican Ins Co (On Remand)*, 225 Mich App 635, 653; 572 NW2d 686 (1997).

Courts may not create ambiguities where none exists and must construe ambiguous policy language in the insured's favor. *Id.* Policy language is ambiguous when, after reading the entire document, its language can be reasonably understood in different ways. *Royce, supra* at 542. "However, if a contract, even an inartfully worded or clumsily arranged contract, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear." *Michigan Twp Participating Plan v Pavolich*, 232 Mich App 378, 382; 591 NW2d 325 (1998). Likewise, a policy is not rendered ambiguous by the fact that a relevant term is not defined. *Henderson, supra* at 354.

The plaintiff was driving his uninsured motorcycle when he was involved in an accident with an uninsured motorist. Plaintiff sought uninsured motorist coverage (UMC) under his automobile no-fault policy. Defendant denied coverage under the other owned vehicle exclusion, which provided that coverage was not available

> FOR BODILY INJURY to an *insured*:
> a. WHILE *occupying* a motor vehicle owned by or leased to *you, your spouse* or any *relative* if it is not insured for this coverage under this policy . . . .

The boldface, italicized words are defined in the general definitions section of the policy. The term "motor vehicle" is not defined in that section or in Section III, which governs UMC. Although the term "motor vehicle" is defined in Section II of the policy governing no-fault coverage, that definition is not relevant to the exclusion contained in Section III of the

policy. *Grant v State Farm Fire & Cas Co*, 638 So 2d 936, 937-938 (Fla, 1994). The undefined term "motor vehicle," when given its common sense, ordinary meaning, includes a motorcycle. *Wert v Citizens Ins Co of America*, 241 Mich App 313, 321-322; 615 NW2d 779 (2000) (ZAHRA, J., dissenting), rev'd for reasons stated in dissent 463 Mich 927 (2000). The policy unambiguously excluded coverage for this accident and the trial court erred in ruling otherwise.

Reversed.