# STATE OF MICHIGAN

# COURT OF APPEALS

PURSEY POLITE,

        Plaintiff-Appellee,

v

DANIEL TYLER, JR., and DUANE MCLEOD,

        Defendants,

and

AMERICAN BANKERS INSURANCE CO.,

        Defendant/Cross Plaintiff/Cross
        Defendant,

and

FARM BUREAU MUTUAL INSURANCE CO.
OF MICHIGAN,

        Defendant/Cross Defendant/Cross
        Plaintiff-Appellant.

UNPUBLISHED
March 29, 2016

No. 325811
Genesee Circuit Court
LC No. 12-097919 - NI

Before: K. F. KELLY, P.J., and FORT HOOD and BORRELLO, JJ.

PER CURIAM.

Defendant Farm Bureau Mutual Insurance Company of Michigan appeals as of right a trial court order granting judgment to plaintiff. The order of conditional judgment was entered upon stipulation by the parties after the trial court denied defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). For the reasons set forth below, we reverse and remand for entry of an order granting summary disposition in favor of defendant.

## I. FACTS

The facts in this case are not in dispute. Plaintiff Pursey Polite was seriously injured in an automobile accident with an uninsured motorist on May 15, 2010. Plaintiff was driving a

-1-

1969 Cadillac that was insured by defendant American Bankers Insurance Co. ("ABIC") in a policy entitled "Antique Auto Coverage Endorsement." The parties agreed that the ABIC policy provided uninsured motorist coverage of $100,000, and that no exclusions applied.

Plaintiff also owned a 2005 Chevrolet Impala and a 2001 Cadillac Deville, both of which were insured by defendant. Defendant's policy provided for $100,000 in uninsured motorist coverage, but contained an exclusion stating that the uninsured motorist coverage did not apply to "any person injured while occupying an auto owned by you or any family member, if the auto is not insured for [uninsured motorist coverage] by this policy." It is undisputed that defendant did not insure the 1969 Cadillac. It is also undisputed that plaintiff's damages exceeded the amount of the insurance coverage under the ABIC policy.

Defendant moved for summary disposition arguing that the uninsured motorist coverage was not applicable to the accident at issue. The lower court record indicates that this motion was not heard on the record, but instead was discussed only in chambers. Subsequently, the trial court issued an order entitled Order Regarding Priority to Pay Uninsured Motorist Benefits, in which the court framed the question before it as "which insurer, Farm Bureau or American Bankers, is first in priority with respect to the obligation to provide uninsured motorist benefits to the plaintiff." The court held that the two policies were equal in priority, and that "any liability based on uninsured motorist coverage shall be pro-rated between the two companies." The order did not specifically state that the court denied defendant's motion for summary disposition.

Seven months later, defendant filed another motion for summary disposition, using the same title as it had on the first motion. This time defendant argued that, even if uninsured motorist coverage would otherwise apply, coverage was precluded by the relevant exclusion clause. Before the hearing on this second motion, ABIC entered into a settlement and release agreement with plaintiff, pursuant to which it paid plaintiff $50,000, or half of the amount it contracted to pay for uninsured motorist coverage.

At the hearing on defendant's second motion for summary disposition, it became apparent that defendant filed this motion because both parties thought the court had invited rehearing on the first motion. The trial court, on the other hand, had apparently intended the original order to dispose of the issues raised in defendant's first motion for summary disposition, although the order did not say so. The court nonetheless heard the parties' arguments, both of which covered the exclusion clause issue. In its oral decision, the trial court characterized defendant's motion as a rehearing on its original motion for summary disposition and denied the motion because the court was "not persuaded that the original decision was in error." The court later entered judgment of $50,000 for plaintiff, conditioned on the preservation of the right of appeal, and staying the execution of the judgment until all appeals were exhausted.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Heath v State Farm Mut Auto Ins Co*, 255 Mich App 217, 218; 659 NW2d 698 (2002). Summary disposition under MCR 2.116(C)(10) is proper where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. The interpretation of a contract

presents a question of law that we review de novo. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47-48; 664 NW2d 776 (2003).

## III.  ANALYSIS

As a threshold matter, plaintiff argues that defendant waived its right to argue the exclusion clause because it is an affirmative defense and was not raised in the responsive pleading.  We disagree.

An "affirmative defense" as one that "seeks to foreclose the plaintiff from continuing a civil action for reasons unrelated to the plaintiff's prima facie case" with the specified exceptions of lack of subject matter jurisdiction and failure to state a claim. *Campbell v St John Hosp*, 434 Mich 608, 616; 455 NW2d 695 (1990), citing MCR 2.111(F).  In short, if a defense addresses the merits of a plaintiff's claim, it is not an affirmative defense. *Id*. at 615-616.  Because defendant's exclusion clause concerns the crux of plaintiff's substantive case it is not an affirmative defense and was not waived.

Defendant argues that the trial court erred in denying its motion for summary disposition[1] because the exclusion clause in the policy it issued to plaintiff is unambiguous and clearly provides that no benefits accrue from accidents involving automobiles that were not insured under defendant's policy.  We agree.

Defendant's policy insuring plaintiff's 2005 Chevrolet Impala and a 2001 Cadillac Deville contained the following relevant provisions:

PART IV – UNINSURED MOTORIST COVERAGE

> A.      Insuring Agreement
>
> 1.      If you pay a premium for Uninsured Motorist Coverage, we agree to pay compensatory damages which the insured is legally entitled to recover from the owner or operator of an uninsured automobile.  The damages must result from bodily injury sustained by the insured caused by an accident.  The owner's or operator's liability for these damages must arise from the ownership, operation, maintenance, or use of the uninsured automobile as an automobile.
>
> * * *
>
> D.      Exclusions
>
> This coverage does not apply to:

---

[1] Plaintiff argues that the court's first order "controls" because defendant's second motion was untimely.  This argument lacks merit.  The trial court had the discretion to hear and rule on late motions under MCR 2.116(D)(4), and it exercised that discretion.

\* \* \*

      2.     any person injured while occupying an auto owned by you or any family member, *if the auto is not insured for UMC [uninsured motorist coverage] by this policy*; that uninsured motorist coverage does not apply to "*any person injured while occupying an auto owned by you or any family member, if the auto is not insured for UMC by this policy*" [Emphasis added.]

This language is clear and unambiguous. There is no dispute that plaintiff was injured while driving an automobile, the 1969 Cadillac, that was owned by plaintiff, but not insured for uninsured motorist benefits under defendant's policy. Accordingly, defendant was not liable for any of the uninsured motorist benefits arising from the accident involving the 1969 Cadillac and the trial court erred as a matter of law in holding otherwise.

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

                        /s/ Kirsten Frank Kelly
                        /s/ Karen M. Fort Hood
                        /s/ Stephen L. Borrello