*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF TERRY M. HOLLAND, by LINDA M. HOLLAND, Personal Representative,

        Plaintiff-Appellant,

v

MARY SPRINGER, PAUL GERARD SPRINGER, and PROGRESSIVE MICHIGAN INSURANCE COMPANY,

        Defendants,

and

CITIZENS INSURANCE COMPANY OF THE MIDWEST and CITIZENS INSURANCE COMPANY OF AMERICA,

        Defendants-Appellees.

UNPUBLISHED
June 25, 2020

No. 347562
Wayne Circuit Court
LC No. 16-016760-NI

Before: RIORDAN, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Linda M. Holland as personal representative of the estate of Terry M. Holland, appeals as of right from the consent judgment entered by the trial court. On appeal, plaintiff challenges the trial court's order granting summary disposition in favor of defendants regarding the denial of uninsured-motorist coverage, and dismissing Counts III and IV of plaintiff's complaint. We affirm.

## I. BACKGROUND

The facts of this case are undisputed. On June 30, 2016, decedent was killed in an accident while riding his motorcycle. At the time of the accident, plaintiff had a primary-automobile-insurance policy with Citizens Insurance Company of the Midwest. Plaintiff also had an umbrella policy with Citizens Insurance Company of America (collectively "Citizens").

-1-

Decedent's estate filed a complaint seeking to recover under these two insurance policies. In Count III, plaintiff sought to recover uninsured-motorist (UM) benefits and underinsured-motorist (UIM) benefits under the primary policy. In Count IV, plaintiff sought UM and UIM benefits under the umbrella policy.

Defendants moved for summary disposition on Counts III and IV under MCR 2.116(C)(10). Defendants argued that the language of the primary policy precluded plaintiff from recovering UM and UIM benefits because at the time of the accident, the decedent was occupying a motor vehicle that he owned but that was not insured under the primary policy. Defendants also argued that plaintiff was not entitled to UM or UIM benefits under the umbrella policy because it contains an exclusion precluding UM and UIM coverage unless an endorsement is added to the umbrella policy. Because the decedent failed to add such an endorsement, defendants asserted that the estate was not entitled to benefits under the umbrella policy.

The trial court granted summary disposition in favor of defendants and dismissed Counts III and IV. Plaintiff filed an interlocutory appeal challenging the order, and this Court denied the application. *Estate of Holland v Springer*, unpublished order of the Court of Appeals, entered December, 3, 2018 (Docket No. 344860). The trial court subsequently entered a consent judgment resolving the last pending claims and closing the case under MCR 2.602(A)(3). The consent judgment expressly preserved the estate's right to appeal the trial court's summary disposition order.

This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo the construction and interpretation of an insurance contract. *Gurski v Motorists Mut Ins Co*, 321 Mich App 657, 665; 910 NW2d 385 (2017). This Court also reviews de novo a trial court's decision to grant or deny summary disposition. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). In this case, defendants moved for summary disposition under MCR 2.116(C)(10). Summary disposition under this rule is appropriate where "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

### B. UM AND UIM COVERAGE

Plaintiff first argues that the trial court erred when it held that an exclusion in the UM and UIM endorsements precludes plaintiff from recovering benefits under the primary-insurance policy. We conclude that the trial court properly granted summary disposition on this issue.

The exclusion within the UM and UIM endorsements states:

> A. We do not provide Uninsured/Underinsured Motorist Coverage for "bodily injury" sustained:

1. By an "insured" while "occupying", or when struck by, any motor vehicle owned by that "insured" which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

At the time of the accident, the decedent was operating a motorcycle that he owned. The motorcycle was not insured for coverage by Citizens. Thus, the exclusion within the UM and UIM endorsements applies if the motorcycle qualifies as a "motor vehicle." Plaintiff argues that the primary policy does not contain a definition of the term "motor vehicle" and, therefore, a motorcycle does not qualify as a "motor vehicle" for purposes of the UM and UIM exclusion.

UM and UIM coverage is not mandated by statute and, therefore, the provisions of the insurance contract determine the circumstances under which benefits will be awarded. *Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 19; 592 NW2d 379 (1998). "The rules of contract interpretation apply to the interpretation of insurance contracts." *McGrath v Allstate Ins Co*, 290 Mich App 434, 439; 802 NW2d 619 (2010). We interpret policy terms without reference to statutes, such as the no-fault act, MCL 500.3101 *et seq*., unless otherwise provided in the contract. *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 533-534; 676 NW2d 616 (2004). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory*, 473 Mich at 464. If a contract provides definitions for any of its terms, we must apply those definitions, but otherwise we accord the words in a contract their commonly used meanings. *Cavalier Mfg Co v Employers Ins of Wausau (On Remand)*, 222 Mich App 89, 94; 564 NW2d 68 (1997). We may consult a dictionary to determine "the plain and ordinary meaning of" any undefined terms. *Holland v Trinity Health Care Corp*, 287 Mich App 524, 527-528; 791 NW2d 724 (2010).

Determining the scope of coverage is a separate inquiry from whether the coverage is negated by an exclusion. *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008). "Exclusions limit the scope of coverage provided and are to be read with the insuring agreement *and independently of every other exclusion*." *English v BCBSM*, 263 Mich App 449, 471; 688 NW2d 523 (2004) (emphasis added, cleaned up). If any exclusion applies to a claim, coverage is precluded. *Brown v Farm Bureau Gen Ins Co*, 273 Mich App 658, 661; 730 NW2d 518 (2007). Exclusions are strictly construed in favor of the insured. *Tenneco Inc*, 281 Mich App at 444. Endorsements are often issued to specifically grant certain coverage or remove particular exclusions, and an endorsement supersedes the form provisions of the policy and the pertinent exclusion. *Besic v Citizens Ins Co*, 290 Mich App 19, 26; 800 NW2d 93 (2010).

In the trial court, defendants moved for summary disposition on the grounds that the decedent was involved in an accident while occupying a "motor vehicle" that he owned, but that was not insured under the primary policy. The trial court held that the phrase "motor vehicle," as used in the exclusion, included motorcycles. Therefore, the trial court granted summary disposition in favor of defendants. Plaintiff argues that the trial court erred because a motorcycle does not fall within the definition of a "motor vehicle" as used in the exclusion. Therefore, plaintiff argues that the exclusion does not apply and the estate is entitled to UM and UIM benefits under the primary policy.

The UM and UIM endorsements in the primary policy specifically exclude coverage for injuries sustained by the insured "while occupying . . . a motor vehicle owned by that insured

which is not insured for this coverage under this policy." The term "motor vehicle" is not defined in the policy and, therefore, the term is defined in accordance with its commonly used meaning. *Cavalier Mfg Co*, 222 Mich App at 94. In granting summary disposition in favor of defendants, the trial court reasoned that in *Bianchi v Auto Club of Mich*, 437 Mich 65, 71; 467 NW2d 17 (1991), the Michigan Supreme Court held that motorcycles fall within the definition of a "motor vehicle." In *Bianchi*, the Court interpreted an exclusion to UIM coverage for "bodily injury sustained by an insured person: while *occupying a motor vehicle* which is owned by you or a relative unless that motor vehicle . . . is the vehicle described on the Declarations Certificate." *Id*. at 69. Unlike the policy in this case, the policy at issue in *Bianchi* specifically defined a "motor vehicle" as "a land motor vehicle or trailer, requiring vehicle registration." *Id*. at 68. The policy excluded other types of vehicles from the definition, but did not mention motorcycles. *Id*. at 68-69. The Court held that "[a] motorcycle is a motor vehicle in both the common sense and the dictionary sense of the term, it is operated on land, and it is required to be registered." *Id*. at 71. In light of *Bianchi*, the trial court concluded that the term "motor vehicle" included a motorcycle, and the policy exclusions applied.

In addition, this Court's opinion in *Heath v State Farm Mut Auto Ins Co*, 255 Mich App 217, 221-220; 659 NW2d 698 (2002), is instructive. In *Heath*, this Court analyzed a policy exclusion that used the term "motor vehicle" but did not define it. In *Heath*, the plaintiff was involved in an accident while driving his uninsured motorcycle and sought UM coverage under his automobile no-fault policy. *Id*. at 219. The policy excluded coverage "for bodily injury to an insured: while occupying a motor vehicle owned by or leased to you, your spouse or any relative if it is not insured for this coverage under this policy," but the policy did not define the term "motor vehicle." *Id*. This Court reasoned that "[t]he undefined term "motor vehicle," when given its common sense, ordinary meaning, includes a motorcycle," and held that "[t]he policy unambiguously excluded coverage for this accident." *Id*. at 220.

Like in *Heath*, the exclusion at issue in this case does not define the term "motor vehicle." Decedent, who was driving a motorcycle that he owned, was involved in an accident. Plaintiff sought benefits from defendants, who provided no-fault insurance for other vehicles plaintiff owned, but not for the motorcycle. Although the primary policy does not define the term "motor vehicle," both *Bianchi* and *Heath* support the conclusion that the undefined term 'motor vehicle,' when given its common sense, ordinary meaning, includes a motorcycle. Therefore, the trial court properly held that the exclusion in the UM and UIM endorsement precludes plaintiff from recovering benefits.

Plaintiff argues that the "terms of an insurance policy are to be viewed harmonious with each other." Plaintiff points to the fact that the term "motor vehicle" is defined in other sections of the policy issued by Citizens and that those definitions exclude motorcycles as motor vehicles. This argument is without merit because exclusions are to be read with the insuring agreement and independently of every other exclusion. *English*, 263 Mich App at 471. Therefore, the definitions of a "motor vehicle" in other exclusions are limited to those other exclusions.

Plaintiff also argues that the no-fault act clearly states that a motorcycle is not a motor vehicle. Because the policy does not define "motor vehicle," plaintiff argues that the term "should be construed the same as in the No-Fault Act itself." UIM coverage, however, is not mandated by statute; therefore, the provisions of the insurance contract determine the circumstances under

which benefits will be awarded. *Mate*, 233 Mich App at 19. "The rules of contract interpretation apply to the interpretation of insurance contracts," *McGrath*, 290 Mich App at 439, and policy terms are to be interpreted without reference to statutes, such as the no-fault act, MCL 500.3101 *et seq.*, unless otherwise provided in the contract. *Twichel*, 469 Mich at 533-534. Therefore, plaintiff's argument is without merit.

Plaintiff next argues that the UM and UIM endorsements state that an uninsured motor vehicle does not include a motorcycle. Specifically, the UM and UIM endorsements state: "In addition, neither 'uninsured motor vehicle' nor 'underinsured motor vehicle' includes any vehicle or equipment . . . Which is a motorcycle." Although plaintiff relies on this language, this provision still does not contain a definition of the term "motor vehicle." Instead, this provision states that an "uninsured motor vehicle" does not include a "motorcycle." This is a narrow definition because it only applies to what constitutes an "uninsured motor vehicle," not a "motor vehicle" in general. This provision does not change the fact that the primary policy does not contain a definition of a "motor vehicle." Because the term "motor vehicle" is not defined in the policy, the term is defined in accordance with its commonly used meaning. *Cavalier Mfg Co*, 222 Mich App at 94. As discussed, this Court has determined that "[t]he undefined term 'motor vehicle,' when given its common sense, ordinary meaning, includes a motorcycle." *Heath*, 255 Mich App at 219.

## C. UMBRELLA COVERAGE

Lastly, plaintiff asserts the trial court erred in finding that plaintiff is not entitled to benefits under the umbrella policy. Plaintiff's argument is without merit.

The umbrella policy contains an exclusion which provides that this insurance will not apply to:

> Any claim for No-Fault benefits. Any claim for Uninsured Motorists, Underinsured Motorists, Uninsured Watercraft, or Underinsured Watercraft coverage unless an endorsement is added to this Policy to provide such coverage.

At the hearing on defendants' motion for summary disposition, defendants provided the trial court with an affidavit from a claims adjuster indicating that he had investigated and examined the policy and there was no endorsement for UM or UIM coverage. In granting summary disposition to defendants on this issue, the trial court reasoned "[w]here, as here, the record evidence shows that the requisite endorsement was not added to the Umbrella Policy . . . the Court finds that Plaintiff cannot recover uninsured and/or underinsured motorists benefits under the Umbrella Policy." The record clearly shows that plaintiff did not add an endorsement to the umbrella policy and, therefore, plaintiff is precluded from receiving benefits under the policy.

Affirmed.  Defendants, having prevailed in full, may tax costs under MCR 7.219(F).


/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle